### MRKVA v. SLOVAK et al.

### No. 1896.

Court of Civil Appeals of Texas. Waco.

June 24, 1937.

Rehearing Denied July 15, 1937.

Leslie A. Prichard, of Dallas, and Lem Wray, of Waxahachie, for appellant.

George E. Kacir, of West, and Lynn B. Griffith, of Waxahachie, for appellees.

ALEXANDER, Justice.

Anton Mrkva brought suit against Mary Slovak and various other parties to recover damages for alleged malicious prosecution and false imprisonment. The suit was dismissed for want of prosecution. A few months later plaintiff filed this suit in the nature of a bill of review to have the judgment of dismissal set aside and the cause reinstated· and to recover on the original cause of action. A trial was had before a jury and at the conclusion of the evidence, the court allowed the cause to be reinstated and instructed the jury to return a verdict against certain defendants who had defaulted and instructed a verdict in favor of all of the defendants who had appeared and contested the suit. Judgment was entered accordingly, and plaintiff appealed.

The plaintiff alleged, in substance, that Louis Slovak, John Gaida, Frank Patak, and others formed a conspiracy to run plaintiff out of the country; that in carrying out said conspiracy (a) defendants unlawfully caused him to be charged, arrested, and adjudged to be of unsound mind, which adjudication was alleged to have been brought about by false testimony and by unlawful conduct on the part of Gaida while acting as interpreter in the trial of the lunacy case; (b) defendants caused him to be arrested and imprisoned on some misdemeanor charge, the nature of which is not alleged; and (c) while plaintiff was in jail, his personal effects, of the value of $1,250, were taken from his room and misappropriated. Louis Slovak, one of the alleged conspirators, died prior to the filing of the suit and his heirs were made defendants. Frank Patak died while the suit was pending, and the executors of his estate and his heirs were made defendants. · The instructed verdict, here complained of,

924

was in favor of the heirs of Louis Slovak and the heirs and estate of Frank Patak.

It was not alleged nor proven that the heirs of Louis Slovak received any part of his estate, nor was it alleged or proven that the heirs of Frank Patak received any part of his estate. Consequently, plaintiff did not make out a case against any of said heirs. R.S. art. 3464; 13 Tex.Jur. 788; Blinn v. McDonald, 92 Tex. 604, 46 S.W. 787, 48 S.W. 571, 50 S.W. 931.

This leaves for consideration only the cause of action attempted to be proven against the estate of Frank Patak. It was not proven that Frank Patak took any part whatever in the lunacy proceedings, nor in the misappropriation, if any, of plaintiff's personal effects. There was therefore no liability under either of these counts. Plaintiff proved that he was arrested and confined in jail on a misdemeanor charge, but he failed to prove that Frank Patak took any part therein. In addition, he admitted that he pleaded guilty to the charge and paid a fine therefor and there was no allegation nor proof that the judgment of conviction had ever been set aside. A fundamental essential to an action for damages for malicious prosecution is that the alleged unlawful prosecution must have ended favorably to the plaintiff. 28 Tex. Jur. 454; Sullivan v. O'Brien (Tex.Civ. App.) 85 S.W.(2d) 1106. Since the plaintiff failed in this respect, he cannot recover against Frank Patak's estate for the alleged malicious prosecution under the criminal charge.

The judgment of the trial court is affirmed.