A. W. BEAURLINE et al., Appellants,

v.

Prescott M. SMITH, Appellee.

No. 340.

Court of Civil Appeals of Texas.

Corpus Christi.

Feb. 29, 1968.

Rehearing Denied April 4, 1968.

Sid L. Hardin, Edinburg, for appellants.

O. C. Hamilton, Jr., of Ewers, Toothaker, Ewers, Abbott & Evins, McAllen, for appellee.

OPINION

NYE, Justice.

This is a suit for recovery of a real estate commission by the plaintiff Prescott M. Smith. The defendants, A. W. Beaurline, L. A. Beaurline and Mathilda Beaurline, hereafter referred to as "appellants", answered and filed a cross-action alleging in effect, malicious prosecution, and seeking thereby actual and exemplary damages against the plaintiff and a third party defendant, Frank Theser. Summary judgment was granted by the trial court awarding plaintiff his commission and denying appellants any relief on their cross-action against plaintiff and Theser.

Appellants owned as partners a certain 1500 acre tract of land situated in Hidalgo County, Texas. Plaintiff, as a real estate broker, had for some rather lengthy period of time attempted to sell this land. He did not have a written listing, although it is undisputed that the appellants did desire to sell their property and had at least some discussion with the plaintiff about the sale of the land in question. During the early part of 1966 plaintiff attempted to negotiate a sale of this land to Frank Theser. Theser, by a written contract, proposed to purchase

the land for $75.00 per acre. This contract was submitted to appellants' local attorney who receipted escrow funds and forwarded the contract to Chicago, Illinois, for appellants' signature. The contract provided for 5% real estate commission to Smith as agent for the appellants in consideration for his services as a real estate broker. After the contract had been mailed to the appellants and before the same had been received by them in Chicago, another party proposed to purchase the land for a higher figure. He flew to Chicago and presented another contract containing essentially the same terms, except that this purchaser proposed to pay $83.00 an acre. Before the appellants had accepted this offer, Smith called them from Texas explaining that Theser's contract was on the way and outlining the terms of such contract to them. The appellants informed Smith that they had just received a better offer but that if Theser would meet this offer, he could have the land. Smith and Theser declined to meet this additional price.

The affidavits on file reveal a dispute as to what took place relative to this telephone conversation. Appellees Smith and Theser contend that they had a prior bona fide agreement with the appellants to the effect that the appellants would sell the land to Theser for $75.00 per acre upon the exact terms set forth in the Theser contract and that appellants were obliged to go through with the Theser deal. On the other hand appellants contend that they had no deal with Smith and Theser; that the Theser contract was only an offer which had not been accepted or agreed to be accepted; that Smith threatened them over the telephone and told them that they would have to go through with this sale to Theser or that they (Smith and Theser) would put the appellants out of business in Hidalgo County, boasting of his (Smith's) drag in Hidalgo County; and declaring that he and Theser would block

the sale to the other purchaser and force the appellants to accept their offer. Although these disputed facts are interesting they are not material or essential to the proper disposition of this appeal.

It is undisputed however, that several days later Theser filed suit in Hidalgo County against the appellants for specific performance of the Theser contract and caused to be filed a lis pendens notice of this specific performance suit. Appellants contend that the filing of this suit for specific performance and the placing on record of the lis pendens notice, clouded the title to the appellants' land to such extent that no valid title could be conveyed to the other purchaser or anyone else, and that because of the filing of such lis pendens notice the other purchaser withdrew his offer to purchase and his escrow money was returned.

It is appellants' theory that Theser had no bona fide contract with the appellants, nor any valid oral agreement to enter into a contract and therefore Theser's suit for specific performance was filed maliciously without probable cause and only to cloud the title to appellants' land through the lis pendens notice so that they could not effect a sale to the other purchaser or anybody else to their damage.

However, a little over two weeks later, the appellants, through their attorney, wrote to Smith's and Theser's attorney, advising them that the appellants as " * * * fee owners of the land involved in the above case [1] have decided to go ahead and sell the land to your client; and I am enclosing herewith sales contract duly signed by all parties. We suggest you dismiss the above suit [1] and release the Lis Pendens Notice and the transaction be closed as promptly as possible. * * *" The contract that was attached to the letter was the original Theser contract, which had been signed originally by Theser and ap-

[1]. Referring to the original specific performance case: "Re—Frank Theser Jr., VS: A. W. Beaurline No: B–23819 in the 93rd District Court of Hildalgo County, Texas."

pellants' attorney receipting the escrow funds before being mailed to Chicago. It now contained the signatures of all three appellants. The contract still contained the provision requiring the appellants to pay Smith a 5% commission in consideration of his services as agent for the appellants.

The suit [1] for specific performance was dismissed and the sale of the land in question from the appellants to Theser was consummated. At the time of closing only one half of the 5% commission due Smith was paid to him, the other one half was withheld. Hence, Smith's suit for his commission against appellants.

This present suit for the recovery of the other half of Smith's real estate commission was met with the subject cross-action against Smith and Theser as a third party defendant. The basis of the appellants' cross-action against Smith and Theser is the contention that the original suit for specific performance (No. B–23819, filed in the 93rd District Court of Hidalgo County, Texas) [1] and the recording of the lis pendens notice was originally instituted as a result of a conspiracy between Smith and Theser; that such suit did block and did prevent the sale of appellants' land to the other purchaser, to appellants' damage in the amount of $12,000.00; and that because the act of bringing such suit was done with malice, appellants as cross-plaintiffs were entitled additionally to $10,000.00 exemplary damages.

Smith filed a motion for summary judgment that he recover of the appellants the balance due under the written contract for his real estate commission. Smith, as cross-defendant, and Theser, as third party defendant, filed additionally a motion for summary judgment that appellants, as cross-plaintiffs, take nothing against them. The trial court granted the motions and entered judgment awarding Smith his real estate commission in the amount of $2812.-50 and as to appellants as cross-plaintiffs, entered a take-nothing judgment favoring Smith and Theser.

The appellants in a number of points contend that the trial court erred in granting the summary judgment. The appellants did not deny the execution of the Theser real estate sales contract. The appellants do not base their defense on the Theser real estate contract, nor do they attempt in any manner to set aside the sale of the land. There is no summary judgment evidence that Smith accepted originally one half of the commission in settlement, nor is there any other defense interposed by appellants that would defeat Smith's summary judgment for recovery of the balance of his commission under the contract. The contract was executed by all parties and the appellants' letter of transmittal made no reference for deleting the commission due the plaintiff nor were there any stipulations, or conditions or reference to any such stipulation contained in the letter of transmittal referring to Smith's commission. The closing statement of the abstract company had the brief explanation that one half of the commission was paid to Smith "as per instructions" and the comment and explanation that the other one half of the commission was "to be held in abeyance". The appellees say that this was done at the time of the closing of the sale because of a threatened commission suit by the other real estate agent representing the other prospective purchaser. This never developed. Nowhere in appellants' affidavits or summary judgment evidence do they state any legal basis why Smith would not be entitled to recover the other portion of the commission due under the Theser contract.

Appellants' appeal is primarily directed at the action of the trial court in entering a take-nothing judgment on their cross-action against Smith and Theser. Appellants contend that they agreed to go ahead

---

1. Referring to the original specific performance case: "Re—Frank Theser Jr., VS: A. W. Beaurline No: B–23819 in the 93rd District Court of Hildalgo County, Texas."

with the Theser contract upon the advice of their Chicago attorneys and for the purpose of minimizing their damages. They contend that the land was sold to Theser under a form of duress and that they were forced to sell to him or not sell their land at all. It is appellants' contention that they only had two choices to make: (1) to contest the spurious law suit for specific performance and seek full damages or (2) sell the land to Theser for the purpose of minimizing their damages which they finally did on advice of their Chicago lawyers.

■ Appellants throughout their brief contend that there are disputed fact issues which should be tried; that such issues are to the effect that they did not waive any rights they had by selling the land to Theser; that the Theser contract was really only an offer to buy the land in question and that the lis pendens notice was a result of collusion and threats by Smith and Theser which caused them to lose their sale to the other purchaser to their damage. We hold that appellants' cross-action is in the nature of an action for malicious prosecution. Malicious prosecution is an action for damages brought by a person, against whom a civil suit or criminal prosecution has been instituted maliciously and without probable cause, after the termination of the prosecution of such suit in favor of the person claiming damages. See 37 Tex.Jur. 2d, § 1, p. 518.

The appellees in counterpoints contend that the trial court was correct in entering the summary judgment dismissing the cross-action because (1) the cross-action was a compulsory counterclaim that should have been filed in the original suit for specific performance; (2) that the dismissal of the original suit was res judicata; and (3) that by settling the original suit, appellants have waived any cause of action that they may now have against the appellees; (4) that in any respect appellants are estopped to assert their cause of action in the present action; and (5) that appellants' cross-action is in reality a suit for malicious prose-

cution and since the prior suit (suit for specific performance) was not concluded in their favor they have no cause of action here.

It is not necessary that we consider all of these counterpoints of appellees, as we agree that this cross-action is a suit for malicious prosecution and that the termination of the prior suit in favor of the appellants was an essential element of their action for. malicious prosecution. 37 Tex. Jur.2d, § 3 and § 4, pp. 520 and 522; Johnson v. State Board of Morticians, Tex.Civ. App., 288 S.W.2d 214.

■ The previous suit brought by Theser was for specific performance. It is undisputed that that suit was dismissed and that the appellants performed specifically. The dismissal of the prior suit at the request of the appellants cannot be construed in any way as a termination of such suit in cross-plaintiffs' (appellants') favor. Appellants' failure to prevail in the prior suit constitutes a failure of a fundamental condition of this cause of action against Smith or Theser.

"A fundamental condition to the maintenance of an action for malicious prosecution of ·a civil suit is that the suit alleged to have been prosecuted should have terminated in the plaintiff's favor."

37 Tex.Jur.2d § 8, p. 525; Morris v. Hargrove, Tex.Civ.App., 351 S.W.2d 666; Sullivan v. O'Brien, Tex.Civ.App., 85 S.W.2d 1106, err. ref.; MRKVA v. Slovak, Tex. Civ.App., 107 S.W.2d 923; Browning v. Pay-Less Self Service Shoes, Inc., Tex. Civ.App., 373 S.W.2d 71; Davidson v. First State Bank of Andrews, Tex.Civ.App., 310 S.W.2d 678; J. C. Penney Company v. Gilford, Tex.Civ.App., 422 S.W.2d 25.

In Panhandle Lumber Co. v. Fairey, Tex. Civ.App., 3 S.W.2d 941, the Court, considering the effect of a lis pendens notice, held that the institution of a suit to foreclose a judgment lien allegedly fixed against a homestead and the giving of a lis pendens notice thereof could not be the basis for an

action for malicious prosecution. The Court quoted from Salado College v. Davis, 47 Tex. 131, wherein it was said:

"This was an ordinary civil suit, in which no extraordinary process was sued out, and, if the indirect effect of the suit was to interfere with the sale of the property which was to some extent the subject-matter of litigation, this is not such an injury as the law regards or makes actionable. * * *"

And the Court quoted further:

" 'An action collusively prosecuted, prosecuted when the parties to it all know that there is no right to enforce, has never been held to operate as lis pendens. * * *' Rippetoe v. Dwyer, 65 Tex. 703."

We have considered all of appellants' points and they are overruled.

Judgment of the trial court is affirmed.