**David L. HOOPER, Appellant,**

. v.

**MORGAN LEASING CORPORATION, Appellee.**

**No. 17499.**

Court of Civil Appeals of Texas, Fort Worth.

May 3, 1974.

Hooper, Perry & Bradshaw, and David L. Hooper, Abilene, for appellant.

Gibson, Darden & Hotchkiss, Tony Hotchkiss, Fillmore, Lambert, Farabee & Purtle, and Glynn R. Purtle, Wichita Falls, for appellee.

## OPINION

LANGDON, Justice.

This is a suit by the plaintiff, Morgan Leasing Corporation, against David L. Hooper and Jimmy Underwood, d/b/a Underwood Pit Bar-B-Q, for damages arising out of an automobile leasing agreement between it and Hooper. Hooper and Underwood answered by way of general denial and Hooper also filed in connection therewith a counterclaim. In his counterclaim against plaintiff, Hooper asserts that he sustained damages because the plaintiff made Underwood a party defendant. This, he alleged, was because for more than ten years prior to this suit he and Underwood had been close friends and business associates, and that such relationship was strained or harmed because of the action of the plaintiff in naming Underwood as a defendant. (Under the record it appears that Underwood was the assignee of some of Hooper's benefits under the leasing agreement. This undoubtedly was the reason the plaintiff named him as a party defendant.) Because of failure to comply with Rule 379, Texas Rules of Civil Procedure, the entire record in this case is not before the Court.

The court granted plaintiff's motion for summary judgment and awarded it a judgment against Hooper in the amount of $3,333.30. It was stipulated by the parties that the amount of the judgment was accurate. No judgment was entered against

Underwood and Underwood is not a party to this appeal.

The judgment contained the provision that, "All relief not herein granted is hereby denied," which, in effect, disposed of Hooper's counterclaim and plaintiff's suit against Underwood.

Hooper on this appeal contends that there is a genuine issue of fact in this cause and that the court erred in entering a final judgment which did not dispose of all parties and issues before the court.

Hooper's position in the trial court and in this Court is that his counterclaim against plaintiff for damages caused by making defendant Underwood a party requires the determination of a fact issue. We disagree. Hooper in his brief states that, ". . . Appellee maliciously went ahead with the filing of this litigation and caused Mr. Underwood to be made a Defendant. Appellee's action in this regard damaged Appellant and gives right to Appellant's counterclaim."

■ Malicious prosecution, as defined by the Texas courts, is an action for damages brought by a person against whom a civil suit or criminal prosecution has been instituted maliciously and without probable cause. The rule in Texas was established by the Supreme Court in Pye v. Cardwell, 110 Tex. 572, 222 S.W. 153 (1920). There the Court held that damages will not be awarded for the prosecution of civil suits with malice and without probable cause,

unless the party sued suffers from interference by reason of the suits with his person or his property. See also Daughtry v. Blanket State Bank, 60 S.W.2d 272, 273 (Austin Tex.Civ.App., 1933, no writ hist.); Shapleigh Hardware Co. v. Keeland Bros., 60 S.W.2d 510 (Galveston Tex.Civ.App., 1933, no writ hist.); Beaurline v. Smith, 426 S.W.2d 295 (Corpus Christi Civ.App., 1968, ref., n. r. e.); 37 Tex.Jur.2d, p. 529, and the authorities there cited.

■ We find and hold that Hooper's cross-action failed to state a cause of action against the plaintiff, Morgan Leasing Corporation, and that the judgment entered by the trial court is sufficient to dispose of the counterclaim filed by defendant Hooper as well as the plaintiff's suit against the defendant. Thus, all of the parties and the issues were disposed of by such judgment. The two points of error are overruled.

■ The stipulation in support of the motion for summary judgment provided that upon payment of the sum adjudged against Hooper, the latter would be entitled to receive the original certificate of title to the automobile in question and to the transfer thereof. In view of this stipulation, we reform the judgment entered below so as to provide the delivery and transfer of the certificate of title to the appellant Hooper upon payment by him in full of the amount adjudged against him.

The judgment as reformed is affirmed.