Don M. SMART, Appellant,

v.

Dean CARLTON, Appellee.

No. 7999.

Court of Civil Appeals of Texas, Beaumont.

Oct. 6, 1977.

Rehearing Denied Nov. 10, 1977.

Don M. Smart, S. L. Lewis, Dallas, for appellant.

Don C. Alexander, Dallas, for appellee.

KEITH, Justice.

This is an appeal from a summary judgment, and, for convenience, we will speak of the parties by their surnames. Prior to December 9, 1966, Don Smart and Jessie Smart were husband and wife but, upon such date, were divorced by decree which incorporated a property settlement agreement. Thereafter, and on December 16, 1974, Jessie Smart filed a bill of review proceeding claiming that Don Smart had committed fraud in omitting certain items of property from the divorce accounting several years earlier and sought a reformation of the decree and judgment so as to award her all of her rightful share of the community property.

Carlton was Jessie Smart's lawyer in the bill of review proceedings and continued to represent her until he was permitted to withdraw by an order dated January 6, 1976. In the meanwhile Smart, who is both an attorney and a physician (according to his pleading), filed a cross-action on January 13, 1975, against Jessie Smart and Carlton, alleging that Jessie's suit "is merely for purposes of vengeance, harassment and intimidation and does not state a cause of action as a matter of law and is barred as a matter of law." Further allegations were made to the effect that "[s]aid action was malicious and for the purpose of harassment and to gain money from Defendant [Don Smart]" and Smart asserted "his cause of action for abuse of process."

Carlton answered by a general denial, a special pleading that the cross-action of Smart was a suit for malicious prosecution of a pending suit and that his only relief would be a dismissal thereof; and, finally, that he was acting only as an attorney in the cause.

Carlton filed his motion for summary judgment supported by his affidavit. He averred that there was no cause of action stated but "[w]hat is urged is a suit for malicious prosecution which as a matter of law is not a proper suit in the absence of process actually attaching to the person or property of the aggrieved party." Smart filed his affidavit in opposition to Carlton's motion in which he alleged, inter alia, that had Carlton investigated the court records he would have found that an earlier bill of review by Jessie had been denied; that in Smart's opinion (as a lawyer) Carlton failed to "meet the standard of care for the practice of law in Dallas County" and had filed the suit for the purpose of obtaining money from Smart.

On June 8, 1976, the trial judge entered an interlocutory order granting a summary judgment in favor of Carlton by dismissing him from the litigation. Jessie Smart was served with citation on the cross-action on April 13, 1976, under Tex.R.Civ.P. 106, but filed no answer. Thereafter, on January 13, 1977, Smart's motion for summary judgment was granted and Jessie's bill of review was denied. It was further ordered that Smart's "counter-claim is dismissed." Smart has perfected an appeal only against Carlton.

Smart now contends that his suit against Carlton was one for legal malpractice; and that his summary judgment evidence showed the existence of fact issues precluding the grant of the summary judgment. We disagree and affirm.

The cross-action filed by Smart was one for malicious prosecution of a civil suit, defined in *Morris v. Hargrove*, 351 S.W.2d 666, 667 (Tex.Civ.App.—Austin 1961, writ ref'd n.r.e.), as "the instituting of a criminal prosecution or a civil suit filed maliciously and without probable cause." One of the necessary elements in the maintenance of such a suit is that it must be shown that the suit alleged to have been prosecuted with malice and without probable cause terminated in favor of the plaintiff-claimant. *Forke v. Homann*, 14 Tex. Civ.App. 670, 39 S.W. 210, 212 (Austin 1896, writ ref'd); *Beaurline v. Smith*, 426 S.W.2d 295, 298 (Tex.Civ.App.—Corpus Christi 1968, writ ref'd n.r.e.).

Smart did not allege, as indeed he could not, that the suit filed by Jessie with Carlton as the lawyer, had ended in his favor. Such an event did not occur until more than seven months thereafter. Thus, at the time of the summary judgment, Smart failed to allege a cause of action and our record conclusively establishes that no such cause of action then existed.

But, it may be argued that the failure to allege and prove termination of the suit was only ground for abatement of his claim against Carlton and not ground for dismissal. Cf. *Texas Highway Department v. Jarrell*, 418 S.W.2d 486, 488 (Tex.1967); *"Moore" Burger, Inc. v. Phillips Petroleum Company*, 492 S.W.2d 934, 936 (Tex.1972).

Should such argument be sustained, Smart would then be confronted with an even more serious, and insurmountable obstacle, the series of rules enunciated in *Salado College v. Davis*, 47 Tex. 131, 135 (1877), which we quote with citations omitted:

■ "To bring an action, though there be no good ground, is not actionable. . .

■ "An act which does not amount to a legal injury cannot be actionable because it is done with a bad intent. . .

■ "In ordinary cases, where no further wrongful act is complained of than the institution of a groundless suit, though done knowingly and with intent to harass, the award of costs is, in contemplation of law, full compensation for the unjust vexation. . . .

■ "In such cases, the defendant recovers his costs, 'but no allowance is made for his time, indirect loss, annoyance, or counsel fees.' "

The *Salado College Case* has been cited and followed as late as *Louis v. Blalock*, 543 S.W.2d 715, 719 (Tex.Civ.App.—Amarillo 1976, writ ref'd n.r.e.).

Our Supreme Court in *Pye v. Cardwell*, 110 Tex. 572, 222 S.W. 153 (1920), reiterated the rule enunciated in *Salado College*, supra, saying:

"The rule is firmly established in Texas which denies an award of damages for the prosecution of civil suits, with malice and without probable cause, *unless the party sued suffers some interference, by reason of the suits, with his person or property.*" (emphasis ours)

Smart has never hinted at any interference with his person or property.

The Court in *Pye* continued:

"If it is not an actionable wrong for one person to bring an unfounded suit, to harass a defendant and extort money from him, it cannot be actionable for two or more to join in the same sort of suit. The single actor is certainly no less culpable when he proceeds alone and the injury is the same when he acts alone or with others."

Smart argues vigorously, pro se, that his claim against Carlton was one of legal malpractice; that if Carlton had used ordinary care he would have learned that a prior bill of review filed by Mrs. Smart had been denied for want of merit. From this premise, he contends that Carlton was guilty of legal malpractice and liable for compensatory and punitive damages flowing therefrom, citing several cases from California in support of the argument.

We disagree. Even a cursory examination of the trial pleading discloses that it is one sounding in malicious prosecution and the authorities cited earlier dictate the result which we have reached. If the rule sought to be established by Smart is to be adopted as the law of this State, such a declaration should be made by our Supreme Court, not by this intermediate court.

We recognize that we are dealing with a summary judgment and that our Supreme Court has written many opinions in recent years relating to the extremely onerous burden placed upon the movant for a summary judgment. See, e. g., *Gibbs v. General Motors Corporation*, 450 S.W.2d 827, 828 (Tex.1970), and its progeny. Nevertheless, having reviewed the record in this case under the applicable standards and under the prevailing substantive law, we are of the opinion that the trial court acted properly in entering the summary judgment. Thus, the judgment is AFFIRMED.