Kathleen **BILLSTROM**, Appellant,

v.

**MEMORIAL MEDICAL CENTER,**
Appellee.

No. 1467.

Court of Civil Appeals of Texas,
Corpus Christi.

March 27, 1980.

Rehearing Denied May 8, 1980.

Tuck R. Chapin, San Antonio, for appellant.

S. E. Dyer, Darrell L. Barger, Kleberg, Dyer, Redford & Weil, Corpus Christi, for appellee.

## OPINION

NYE, Chief Justice.

This is an appeal from a take-nothing summary judgment in a suit brought under the Texas Tort Claims Act. Appellant, the legal guardian of Richard Kevin White, brought this suit against Memorial Medical Center [Memorial] to recover damages for personal injuries White sustained when he attempted to escape through a security screen and window while confined to the hospital's mental ward and fell from a height of seven stories to the ground.

Appellant alleged that on February 20, 1977, White was admitted to the psychiatric unit of Memorial Medical Center. At the time of his admission, "he was mentally confused and agitated." The examining physician ordered the head nurse to closely observe White. On the following day White "became agitated and tried to leave the hospital on at least two occasions . . ." White was locked in security room number 732 on the seventh floor of the hospital so that he could not leave the hospital grounds and so that treatment could be maintained. About 4:00 a. m., White partially removed the security screen from one of the windows and opened an unlocked window, fashioned a rope from the bedsheets in his room, and tried to leave the hospital by going out the window on a bedsheet rope which would not reach the ground. White fell, sustaining permanent physical and mental injuries. The appellant alleged that the hospital staff had been placed on notice that White was "mentally disturbed, confused, and would try to leave the hospital grounds, if able." Had White been in his normal and reasonable mental condition at the time of the occurrence, he would not have attempted to do so. Appellant further alleged that the circumstances of the occurrence required the application of Section 3 of article 6252–19 of the Texas Tort Claims Act because,

"On the occasion in question, the hospital had furnished to the Plaintiff equipment, to wit: a window and a security screen that were both defective and harmful for the purposes for which they were used. In this connection, the Plaintiff would show that the security screen was not properly installed and maintained on the occasion and the window in the security room itself was unlocked. That both of such conditions were such that the hospital administrator, agents and employees should have known and foreseen that such occurrence might take place."

Appellant's pleading stated that recovery was not sought under the "defective premises" theory, but rather, upon "defective equipment in the room" [security screen]. Appellant further alleged specifically enumerated acts of negligence upon the part of

the agents and employees of Memorial which resulted from the "condition and use of personal or real property." In accordance with these allegations, plaintiff prayed for damages proximately resulting from such negligence as alleged.

Memorial answered, filing numerous special exceptions all to the effect that it was immune from liability under the provisions of the Texas Tort Claims Act. Memorial also alleged, in substance, that it was entitled to a summary judgment as a matter of law because 1) appellant's pleadings failed to state a cause of action by the enumerated allegations of negligence and 2) that, other than such alleged negligent acts, the case was based upon premises defects, for which Memorial owed White only the duty owed by a private person to a licensee upon private property. Memorial alleges that summary judgment was proper because there was no showing that the screen was defective, that employees of Memorial knew it was defective, or that the employees of Memorial negligently or willfully used the screen in such a way as to injure White. Alternatively, Memorial alleged that it was entitled to a partial summary judgment limiting the issues in the case by striking out the allegations in plaintiff's petition concerning the enumerated acts of negligence on the part of the agents and employees because they stated no cause of action as to Memorial. The trial court granted the motion for summary judgment, stating "that the defendant's Motion for Summary Judgment is well taken" and dismissed the cause.

Appellant assigns six points of error which, in essence, contend that: 1) the pleadings stated a valid cause of action within the exception to governmental immunity stated within Section 3 of the Tort Claims Act; 2) the petition should not be construed to be a suit based upon the "premises defects" exception stated within Section 18(b); 3) issues of fact were present concerning the defective window; 4) issues of fact were present concerning the seven enumerated acts of negligence of Memorial's employees and agents; 5) the distinction between the duty owed to licensees and

invitees now recognized in Texas should be abolished; and 6) issues of fact were present concerning White's ability to pay his hospital bill.

Considering these points of error, we keep in mind the familiar rules governing our review of summary judgments. Rule 166–A, Texas Rules of Civil Procedure, provides that a summary judgment is proper only upon a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 166–A, T.R.C.P., permits the granting of a summary judgment for a defending party against whom a claim is asserted if the pleadings, answers, and summary judgment evidence on file show that there is no genuine issue as to any material fact as to at least one essential element of plaintiff's cause of action, and the moving party is entitled to summary judgment as a matter of law. *Gibbs v. General Motors Corporation,* 450 S.W.2d 827 (Tex.1970); *"Moore" Burger, Inc. v. Phillips Petroleum Company,* 492 S.W.2d 934 (Tex.1972). All conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true. *Farley v. Prudential Insurance Company,* 480 S.W.2d 176 (Tex.1972); *Parrott v. Garcia,* 436 S.W.2d 897 (Tex.1969).

Here, the movant's motion also challenges the sufficiency of the non-movant's pleadings to raise a genuine issue of material fact which would constitute a cause of action. The operation of such a motion for summary judgment is closely analogous to a special exception challenging the sufficiency of the non-movant's pleadings as a matter of law. In such a case, the petition to which the motion is directed must be construed most liberally in favor of the pleader. Such petition is entitled to the benefit of every reasonable inference which can properly be drawn in its favor. *Martin v. Trevino,* 578 S.W.2d 763, 765 (Tex.Civ. App.—Corpus Christi 1978, writ ref'd n. r. e.); *Garza v. Perez,* 443 S.W.2d 855 (Tex. Civ.App.—Corpus Christi 1969, no writ). It

must appear that the facts alleged by the non-movant established the absence of a right of action or of an insuperable barrier to a right of recovery. *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). See *Smart v. Carlton,* 557 S.W.2d 553, 555 (Tex.Civ.App. —Beaumont 1977, writ ref'd n. r. e.).

The Tort Claims Act, Tex.Rev.Civ.Stat. Ann. art. 6252–19 [hereinafter called the Act], waives sovereign immunity to the limited extent provided therein and grants consent to sue for damages for personal injuries or death. Greenhill and Murto, Governmental Immunity, 49 Tex.Law.Rev. 462 (1971); see e. g., *State v. Terrell,* 588 S.W.2d 784 (Tex.1979); *Overton Memorial Hospital v. McGuire,* 518 S.W.2d 528 (Tex. 1975); *Texas Department of Corrections v. Herring,* 513 S.W.2d 6 (Tex.1974). Section 4 of the Act expressly waives and abolishes sovereign immunity to the extent of liability created by Section 3, which provides, in relevant parts, that:

> "Each unit of government shall be liable for ⸳ . . . death or personal injuries *so caused from some condition or some use of tangible property, real or personal,* under circumstances where such unit of government, if a private person, would be liable in accordance with the law of this state. Such liability is subject to the exceptions contained herein . . ."
> (Emphasis added.)

Such an exception to the Section 3 waiver of immunity arises where the claim is from "premises defects." See Section 18(b), which provides:

> "As to premises defects, the unit of government shall owe to any claimant only the duty owed by a private person to a licensee on private property, unless payment has been made by the claimant for the use of the premises." *State v. Tennison,* 509 S.W.2d 560, 562 (Tex.1974).

Memorial asserts it is entitled to governmental immunity because appellant's pleadings and the summary judgment evidence established conclusively that this case falls within the purview of Section 18(b) of the Act. Appellant, on the other hand, contends that she alleged a cause of action based upon "some condition or some use of tangible property" within the meaning of Section 3, and that issues of fact are present which precluded summary judgment.

While the record in this case is sketchy, we must assume, for the purposes of testing appellant's pleadings, that the hospital had a duty to install a safe security screen, free from defects, to prevent mental patients from escaping, and was negligent in not doing so. The initial question then becomes whether the hospital can assert governmental immunity for its negligence or whether such immunity was waived by the Act. See *Overton Memorial Hospital v. McGuire,* 518 S.W.2d 528, 529 (Tex.1975).

■ Since the Act does not define the words "premises defects," the common and ordinary meaning is applied. *Satterfield v. Satterfield,* 448 S.W.2d 456 (Tex.1969); *Beggs v. Texas Dep't of Mental Health & Mental Ret.,* 496 S.W.2d 252, 254 (Tex.Civ. App.—San Antonio 1973, writ ref'd); *Jackson v. City of Corpus Christi,* 484 S.W.2d 806 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n. r. e.). The word "premises" is commonly defined as "a building or part of a building with its grounds or other appurtenances." The word "defect" is commonly defined as a "shortcoming, imperfection" or "want of something necessary for completeness." A general legal definition of "premises" is:

> "Lands and tenements; an estate, including land and buildings thereon; . . . The area of land surrounding a house, and actually or by legal construction forming one enclosure with it. A distinct and definite locality, and may mean a room, shop, or other definite area, or a distinct portion of real estate. Land and its appurtenances." Black's Law Dictionary, p. 1063 (5th Ed. 1979).

■ Although appellant's allegations regarding the screen and window concern the condition of tangible property, they are actually "premises defects" within both the generally accepted common and legal definitions of the words. The appellant's allegations deal with a defect in an·appurte-

nance to a room itself, rather than a defect in a distinct piece of equipment, irrespective of whether or not that piece of equipment is classified as a fixture. As such, we are of the opinion that appellant's allegations come within Section 18(b). The condition of the alleged defective security screen and window are more closely analogous to a defect in a floor or in maintaining a floor in a slippery (defective) condition. *Compare State v. Tennison*, 509 S.W.2d 560 (Tex. 1974), *with Lowe v. Texas Tech University*, 540 S.W.2d 297 (Tex.1976).

■ Section 18(b) defines the duty of a unit of government in cases involving premises defects to be "only (that) duty owed by private persons to a licensee on private property, unless payment has been made by the claimant for the use of the premises." In Texas, a licensor has the duty not to injure a licensee by willful, wanton, or gross negligence. *Lower Neches Valley Authority v. Murphy*, 536 S.W.2d 561 (Tex.1976); *State v. Tennison*, 509 S.W.2d 560 (Tex. 1974); *Carlisle v. J. Weingarten, Inc.*, 137 Tex. 220, 152 S.W.2d 1073 (1941). An exception to this general rule exists, however, when the licensor has actual knowledge [1] of a dangerous situation and the licensee does not. In such a situation, the licensor has the duty to either warn the licensee or to make the condition reasonably safe. *State v. Tennison*, 509 S.W.2d 560, 562 (Tex.1974); *Gonzalez v. Broussard*, 274 S.W.2d 737 (Tex. Civ.App.—San Antonio 1954, writ ref'd n. r. e.).

■ Appellant's pleadings do not allege that Memorial had actual knowledge of the defective condition of the security screen and window. The negligent acts alleged against Memorial are to the effect that its agents or employees negligently maintained a security screen in a defective condition, and negligently failed to lock the window.[2] These allegations are insufficient because they do not plead facts which would impose liability for the breach of a duty to a licensee by the landowner.

■ When, as here, the non-movant's pleadings are insufficient because they fail to state a cause of action, and no special exceptions to such pleadings have been presented to the trial court for a ruling, a motion for summary judgment granted by the trial court will be reversed and remanded to allow the non-movant an opportunity to amend his pleadings. See *Texas State Department of Corrections v. Herring*, 513 S.W.2d 6, 9–10 (Tex.Sup.1974). Although Memorial filed special exceptions to appellant's pleadings, such exceptions were not called to the attention of the trial judge for a ruling.

Appellants argue that if Section 18(b) should apply, then the defect in the security screen should be construed to be a "special defect" within the meaning of that section, citing *Harris County v. Dowlearn*, 489 S.W.2d 140 (Tex.Civ.App.—Houston [14th

1. As recognized by our Supreme Court in *Lower Neches Valley Authority v. Murphy*, 536 S.W.2d 561, 563 n.2 (Tex.1976), the Restatement (Second) Torts, § 342, "would impose liability on a possessor of land 'when he knows *or has reason to know*' of a dangerous condition and the licensee does 'not know *or have reason to know* of the condition and the risk involved.'" (Emphasis added.) In Texas, actual knowledge, and not constructive knowledge, of the dangerous condition is still required. *State v. Tennison*, 509 S.W.2d 560 (Tex.1974).

2. In addition to generally answering that Memorial furnished the "equipment" of a window and security screen which were improperly installed and maintained and which "were both defective and harmful for the purposes for which they were used," the petition alleged in substance the following specified acts of negligence concerning the security screen and window:

1) The nurses and hospital maintenance staff failed to timely inspect the locking device on the security screen.
2) Memorial's agents and representatives failed to require that a lock be placed upon the window.
3) Memorial's agents and representatives allowed and permitted the use of a minimum window security device which is insufficient to secure the safety of mental patients.
4) Memorial's agents and representatives failed to correct the condition of the security screen within a reasonable time.
5) Memorial's agents and representatives permitted the security screen to be improperly screwed to its frame.

Dist.] 1972, writ ref'd n. r. e.). The case upon which appellants rely is factually distinguishable from the case before us because it involved the condition of an *unattached* wall panel used as a room divider which the court held *not* to be a "premises defect."

■ Although we agree that Section 18(b) governs in this case, we do not agree with Memorial's further contention, that the summary judgment evidence conclusively absolved Memorial of liability. The summary judgment evidence that was properly[3] before the trial court (deposition of Memorial's Administrator, Robert McCuistion) fails to conclusively establish the absence of a defect as a matter of "fact." The deposition raises issues of fact concerning whether or not the agents or employees of Memorial had actual knowledge of a defective condition and failed to remedy it.

In response to an interrogatory propounded by appellant, Memorial stated that it was not known how White was able to open the security screen and fall from the window. In response to a question concerning the condition of the security screen, McCuistion answered:

> "No, the frame was warped. The frame was warped from the window, so he got throught that opening."

McCuistion also testified that White, who was checked by Memorial's staff every fifteen minutes, had been observed by the staff at 4:00 a. m. and that within ten minutes thereafter, White was discovered lying on the ground outside the seventh floor window. Within the intervening ten minutes, White had somehow managed to tie his bedsheets together, open the security screen and window, and fall. We are of the opinion that the evidence before the trial judge at the summary judgment hearing raises issues of fact which must be resolved by the trier of fact. Such evidence does not conclusively establish that Memorial is enti-

tled to a judgment as a matter of law. *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.*, 391 S.W.2d 41, 47 (Tex.Sup. 1965).

■ Appellant's remaining points of error would abolish the distinction between the duty owed by occupiers of premises to invitees and the duty owed to licensees. We disagree with these contentions and hold that we are bound by this distinction. See e. g., *Lower Neches Valley Authority v. Murphy*, 536 S.W.2d 561 (Tex.1976); *State v. Tennison*, 509 S.W.2d 560 (Tex.1974). However, Section 18(b) clearly states that the duty owed to licensees shall govern in cases involving premises defects where the claimant has not paid for the use of the premises. Although the pleadings showed that the appellant had not actually paid for the use of the premises at the time of the accident, there may be a fact issue as to whether Memorial intended to treat the appellant as a paying patient or that the appellant was an indigent without the ability to pay. Because of the state of the record that is before us, we are unable to decide this question. We do not believe that the legislature intended for prepayment or the physical act of having "paid" for the use of the premises to be the determinative act that resolved the relationship of the parties involved.

The judgment of the trial court is hereby reversed and the cause is remanded for further proceedings consistent with this opinion.

## OPINION ON MOTION FOR REHEARING

Both appellant Kathleen Billstrom and Memorial Medical Center have filed motions for rehearing. We have carefully examined each motion and are of the opinion that our decision to reverse this case is sound.

Appellant strenuously argues that this is a case involving "some condition or some

---

**3.** The trial court struck from the record the affidavits which were attached to the deposition and did not consider them in rendering the summary judgment. Neither party complains of this action. In addition, Memorial's answer to interrogatories propounded by appellant, upon which Memorial relies to support the trial

court's action in rendering summary judgment, can be used against Memorial but cannot be used against appellant to conclusively establish a summary judgment in favor of Memorial. See e. g., *Holmes v. Canlen Management Corp.*, 542 S.W.2d 199 (Tex.Civ.App.—El Paso 1976, no writ).

use of personal property" within the purview of Section Three of the Act because the substance of the allegations contained in her petition were to the effect that Memorial provided "insufficient safeguards (devices) and procedures" to prevent White's escape.

In *Lowe v. Texas Tech University*, 540 S.W.2d 297, 300–301 (Tex.1976), Justice Steakley, writing the majority opinion for our Supreme Court, said "the affirmative allegation of furnishing defective equipment to Lowe states a case within the statutory waiver of immunity arising from some condition or some use of personal property." In addition, the majority opinion held that "*allegations of a negligent failure to furnish* him proper protective items of personal property, to be used as a part of the uniform furnished him, bring his case within the statutory waiver of immunity [under Section Three of the Act]." (emphasis added). This latter holding followed from the majority's conclusion that both standard and specially designed protective devices, including special taping and knee braces, are integral parts of the football uniform.

We are of the opinion that, even under the most liberal interpretation, the thrust of appellant's pleadings concern the condition of Memorial's premises. Because this case must be reversed for the reasons set forth in our original opinion to allow appellant (among other things) the opportunity to amend her pleadings, it may occur that issues of fact will develop in the trial of the case on the merits, either along the lines set forth in our original opinion, or because of "some condition or some use of personal property" as contended in appellant's motion for rehearing.

Inherent in appellant's contentions are the problems noted by our Supreme Court in *Lowe v. Texas Tech University*, supra. As our Chief Justice stated in the concurring opinion in *Lowe*:

"If the words 'caused from some condition or use' of property are intended as words of a *limited* waiver of immunity, and if the waiver is intended to be confined to cases involving injury proximately caused by some condition or use of property which is owned or furnished by the State, we reach certain results.

But if they mean that the Legislature intended for the State to be liable in every tort case in which *personal property was either used or not used*, then we reach different results. This construction would amount to a general waiver in virtually all tort cases. That is not necessarily bad, but I do not think that this is what the Legislature intended. *It is difficult to imagine a tort case which does not involve the use, or nonuse, of some item of real or personal property*; and to me, if there is a waiver in all cases where some item of personal property is either used or not used, there is virtually an unrestricted waiver of immunity." *Lowe v. Texas Tech University*, supra, at 301–302. (emphasis added).

We therefore partially grant appellant's motion for rehearing so as not to forestall her suit against Memorial on whatever basis of liability, if any, is developed in the pleadings and from the evidence during the course of the trial.

Appellant's motion for rehearing is granted in part and Memorial's motion for rehearing is overruled.