Opinion filed March 19, 2020



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00063-CV
_____

## LEE ANN COLBERT, Appellant

## V.

## BRAD SMITH AND HALEY SMITH AND ROLLING PLAINS FUNERAL HOMES, INC. D/B/A SMITH FAMILY FUNERAL HOME, Appellees

On Appeal from the 39th District Court

Haskell County, Texas

Trial Court Cause No. 12258

## M E M O R A N D U M   O P I N I O N

In this personal injury case, Appellant, Lee Ann Colbert, appeals from the trial court's take-nothing judgment rendered in favor of Appellees, Brad Smith and Haley Smith and Rolling Plains Funeral Homes, Inc. d/b/a Smith Family Funeral Home (collectively, "Smith"). At trial, Colbert argued that the charge submitted to the jury should have included an ordinary negligence question, rather than only a premises liability question. In her sole issue on appeal, Appellant challenges the trial court's

failure to submit a jury question based on ordinary negligence. We reverse and remand.

*Background Facts*

On September 12, 2014, Colbert was at the Smith Family Funeral Home to make arrangements for her father's burial. Smith provided a large picture frame to Colbert so that she could display family photos during the funeral. The frame had been stored away from the public in a locked storage room. A funeral home employee informed Colbert of the frame's weight and then handed the frame to Colbert. As Colbert left the building carrying the frame and began descending the stairs from the front porch of the funeral home, the glass slid out from the casing of the frame and fell, causing severe injuries to Colbert's lower leg and foot.

Colbert sued Smith for both ordinary negligence and premises defect. Colbert submitted a proposed jury charge and asked the trial court to submit questions based on ordinary negligence and premises liability. However, the trial court submitted only a premises liability question. The jury unanimously found that the occurrence was not attributable to the negligence of Smith. The trial court accepted the verdict and then rendered a take-nothing judgment against Colbert.

*Analysis*

At the outset, we must address Smith's contention that Colbert's failure to strictly adhere to Rule 34.6 of the Texas Rules of Appellate Procedure prevents this court from assessing the merits of Colbert's case. Specifically, Smith argues that the court cannot perform an assessment concerning the existence of a reversible error because Colbert requested a partial reporter's record but failed to file a statement of Colbert's appellate issues.

In response, Colbert argues that she verbally notified Smith about her plan to request a partial reporter's record. In an appendix to her reply brief, Colbert points the court to a call log and an e-mail exchange discussing that "the sole issue we are

2

taking up is the charge issue related to whether an ordinary negligence question should have been submitted." However, it is well settled that documents attached as appendices to briefs do not constitute part of the record of the case and cannot be considered by this court on appeal. *Hogg v. Lynch, Chappell & Alsup, P.C.*, 480 S.W.3d 767, 773 (Tex. App.—El Paso 2015, no pet.) ("Documents attached to a brief as an exhibit or appendix, but not appearing in the appellate record, cannot be considered on appellate review.").

Under the Texas Rules of Appellate Procedure, an appellant can request a partial reporter's record and "include in the request a statement of the points or issues to be presented on appeal." TEX. R. APP. P. 34.6(c)(1). The statement of points or issues limits the issues to be presented on appeal and puts the other parties on notice that the appellate court will presume the designated portions of the record constitute the entire record for reviewing the stated issues. *Id.*; *Mason v. Our Lady Star of Sea Catholic Church*, 154 S.W.3d 816, 819 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Any other party may then designate additional portions of the record that they believe are relevant to the appeal. TEX. R. APP. P. 34.6(c)(2). "When an appellant appeals with a partial reporter's record but does not provide the list of points as required by rule 34.6(c)(1), it creates the presumption that the omitted portions support the trial court's findings." *Richards v. Schion*, 969 S.W.2d 131, 133 (Tex. App.—Houston [1st Dist.] 1998, no pet.).

But in *Bennett v. Cochran*, the supreme court held that the statement of points or issues need not be included in the request for the reporter's record so long as the statement is made at such a time that the other side's appellate posture is not impaired. 96 S.W.3d 227, 229 (Tex. 2002). Bennett's tardy statement of points or issues was sufficient to satisfy Rule 34.6(c) because Cochran had more than two months after he first received notice of Bennett's statement of issues to file his appellee's brief, and Cochran did not argue that Bennett's delay prevented him from

3

identifying the relevant issues or supplementing the reporter's record or that he had insufficient time to adequately prepare his appellate arguments. *Id.* at 229–30. The supreme court thus "adopted a more flexible approach in certain cases . . . when a rigid application of Rule 34.6 would result in denying review on the merits, even though the appellee has not established any prejudice from a slight relaxation of the rule." *Id.* at 229.

Here, despite requesting a partial reporter's record, Colbert failed to file a statement of points or issues. But Colbert filed her motion for new trial on December 27, 2017. The partial reporter's record was filed on April 23, 2018. Colbert also unambiguously identified her intent to challenge the trial court's failure to include an ordinary negligence question in the jury charge when she filed her appellate brief on May 23, 2018. Oral argument in this case did not occur until May 16, 2019, almost a year after Colbert filed her appellate brief. Thus, Smith had an opportunity to request that the reporter's record be supplemented with additional trial court proceedings. *See Brawley v. Huddleston*, No. 02-11-00358-CV, 2012 WL 6049013, at *2 (Tex. App.—Fort Worth Dec. 6. 2012, no pet.) (mem. op). Moreover, Smith does not argue that Smith had insufficient time to prepare its arguments or that it was otherwise prejudiced. *See id.* Accordingly, Colbert's failure to strictly comply with Rule 34.6(c)(1) does not prevent this court from considering the merits of Colbert's case. However, we do agree with Smith that, in the absence of a statement of issues to be presented on appeal, we must presume that the omitted portions of the record support the trial court's judgment. *See Richards*, 969 S.W.2d at 133.

Smith also argues that affirmance is necessary because Colbert did not challenge an independent ground for upholding the judgment. Smith urges that we must affirm because Colbert did not raise an issue concerning the "no-negligence findings made in answer to the premises-condition issue." We acknowledge the

4

"rule requiring an appellant to attack all independent grounds supporting a judgment." *R.B. Hardy & Sons, Inc. v. Hoyer Glob. (USA), Inc.*, No. 01-09-00041-CV, 2010 WL 2305753, at *2 (Tex. App.—Houston [1st Dist.] June 10, 2010, pet. denied). However, we do not find this argument applicable to the case at hand. In this case, the jury merely found that Smith was not liable for premises liability. The jury did not make any finding on ordinary negligence. As discussed more fully below, negligence and premises liability claims are separate and distinct theories of recovery. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 775–76 (Tex. 2010). Accordingly, Colbert was not required to attack the jury's premises liability finding in order to argue that the jury should have been able to consider a question on ordinary negligence.

Regarding the main issue before this court, Colbert appeals on the sole ground that the trial court erred when it refused to include an ordinary negligence question in the jury charge.

A trial court must submit jury questions, instructions, and definitions that "are raised by the written pleadings and the evidence." TEX. R. CIV. P. 278; *see also Hyundai Motor Co. v. Rodriguez ex rel. Rodriguez*, 995 S.W.2d 661, 663 (Tex. 1999). In reviewing alleged error in a jury submission, we consider "the pleadings of the parties and the nature of the case, the evidence presented at trial, and the charge in its entirety." *Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 862 (Tex. 2009) (citing *Sterling Tr. Co. v. Adderley*, 168 S.W.3d 835, 843 (Tex. 2005); *Island Recreational Dev. Corp. v. Republic of Tex. Sav. Ass'n*, 710 S.W.2d 551, 555 (Tex. 1986)). The alleged charge error "will be deemed reversible only if, when viewed in the light of the totality of these circumstances, it amounted to such a denial of the rights of the complaining party as was reasonably calculated and probably did cause the rendition of an improper judgment." *Island Recreational*, 710 S.W.2d at 555; *see also Reinhart v. Young*, 906 S.W.2d 471, 473 (Tex. 1995).

Whether the condition that allegedly caused the plaintiff's injury is a premises defect is a legal question, which we review de novo. *See Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 385 (Tex. 2016); *Reliance Nat'l Indem. Co. v. Advance'd Temps., Inc.*, 227 S.W.3d 46, 50 (Tex. 2007); *Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 866 (Tex. 2002) (per curiam); *State v. Burris*, 877 S.W.2d 298, 299 (Tex. 1994) (per curiam); *State Dep't of Highways v. Payne*, 838 S.W.2d 235, 238 (Tex. 1992).

As stated on page three of Smith's brief, Smith states that Colbert "subsequently brought a suit alleging that she sustained her injury when unsecured glass fell from the picture frame and struck her ankle." Smith also states, "Colbert pleaded claims based on premises-condition and negligent-activity allegations." Smith also alleges that "[t]he charge proposed by Colbert similarly asked the court to submit premises-condition and negligent-activity issues."

In this appeal, Colbert urges that her injury was the result of a contemporaneous, negligent activity—Smith providing the frame to Colbert. Negligence and premises liability claims are separate and distinct theories of recovery, requiring plaintiffs to prove different, albeit similar, elements to secure judgment in their favor. *Smith*, 307 S.W.3d at 775–76. The elements of a premises liability cause of action are (1) actual or constructive knowledge of a condition on the premises by an owner or occupier; (2) the condition poses an unreasonable risk of harm; (3) the owner or occupier fails to exercise reasonable care to protect against the harm; and (4) the owner or occupier's failure proximately caused the injuries. *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983). Alternatively, to recover under a theory of negligent activity, one must show that he was injured by an activity or as a contemporaneous result of an activity and not by a condition created by the activity. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).

Many courts have wrestled with the distinction between a condition and a contemporaneous result of an activity. *E.g., Skaggs Alpha Beta, Inc. v. Nabhan*, 808

6

S.W.2d 198, 200–01 (Tex. App.—El Paso 1991, no writ); *Sibai v. Wal-Mart Stores, Inc.*, 986 S.W.2d 702, 705–06 (Tex. App.—Dallas 1999, no pet.). One of the most notable of these cases is *Keetch v. Kroger.* In *Keetch*, Linda Keetch sued after she slipped and fell on a floral overspray that had collected on the floor of a Kroger grocery store. 845 S.W.2d at 263. Keetch sought to hold Kroger liable on both a negligent activity theory and a premises liability theory. *Id.* at 264. The trial court, however, only submitted a question regarding premises liability to the jury. *Id.* Keetch argued that the spraying that exposed her to the risk was the negligent activity. The Texas Supreme Court disagreed. The court noted that the activity of the spraying was not ongoing and had stopped half an hour before the accident. *Id.* Thus, Keetch had not been injured by the activity of spraying. Instead, the overspray on the floor became a condition of the premises and ceased to be a contemporaneous result of the spraying.

*Keetch* emphasized the time that elapsed between the spraying and the accident in determining that the overspray had become a condition of the premises. This suggests some permanence regarding the condition of a premises. The overspray had been on the ground long enough to become a condition.

Comparatively, in *Alamo Lumber Co. v. Pena*, the Thirteenth Court of Appeals made a similar distinction. 972 S.W.2d 800 (Tex. App.—Corpus Christi–Edinburg 1998, pet. denied). When distinguishing between a negligent activity and a premises defect, the court focused on the mobility of the instrumentality that caused the injury. *Id.* at 804. In *Alamo*, the instrumentality was a tire that had been driven while flat. *Id.* at 802. The inherent mobility of the tire prevented it from becoming a premises defect. *Id.* at 804. Moreover, the tire was only a danger to the man who was asked to work on it. *Id.* In contrast, something that posed a danger to all working on the premises, such as a well, would be more reasonably seen as a

condition of the premises. *See id.* (discussing *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 526–27 (Tex. 1997)).

In this case, the frame was not a condition of the premises. "The word 'premises' is commonly defined as 'a building or part of a building with its grounds or other appurtenances.'" *Tex. Dep't of Transp. v. Henson*, 843 S.W.2d 648, 652 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (quoting *Billstrom v. Mem'l Med. Ctr.*, 598 S.W.2d 642, 646 (Tex. App.—Corpus Christi–Edinburg 1980, no writ)). "A legal definition of premises is '[l]ands and tenements; an estate, including land and buildings thereon; . . . . Land and its appurtenances.'" *Id.* (quoting *Billstrom*, 598 S.W.2d at 646). The instrumentality—the frame—that caused Colbert's injury was inherently mobile, moveable, and portable. *See id.* at 653. This is most plainly shown by the fact that Colbert was injured as she was carrying the frame away from the funeral home. To that end, Colbert's injury would not have differed if she had actually left the funeral home before her foot was cut by the glass. Additionally, the frame was not tied or attached to real property as a fixture. *See Alamo*, 972 S.W.2d at 804. It is possible that this case would have had a different result had Colbert been injured by a picture frame that was affixed to a wall in the funeral home, but we need not consider that here. Moreover, similar to the tire in *Alamo*, the frame did not pose a danger to all on the premises. The frame only posed a danger to Colbert, and the danger to Colbert was directly attributable to the contemporaneous activity of Smith. Further, Colbert's pleadings indicate that liability theories beyond the realm of premises defects exist in this case. Colbert alleged in her live petition at trial that Smith was negligent for "[f]ailing to warn [Colbert] of the danger created by the unsafe frame," for "[o]ffering the unsafe frame to [Colbert]," and for "[p]ermitting [Colbert] to carry the unsafe frame." We believe the foregoing allegations are tantamount to "contemporaneous activity" allegations. *See Alamo*, 972 S.W.2d at 804. In sum, Smith's negligence, if any, arose from a

contemporaneous activity and/or an instrumentality. Colbert's injuries were not in any way connected with the premises.

The very nature of the allegation shows that an activity had to occur for Colbert to be injured. Colbert's injury resulted from the contemporaneous activity of providing the frame to Colbert, rather than by a condition created by the activity. *See Wal-Mart Stores, Inc. v. Garza*, 27 S.W.3d 64, 67 (Tex. App.—San Antonio 2000, pet. denied).

In light of this holding, we must consider whether the trial court erred by refusing to submit an ordinary negligence question to the jury. Rule 278 of the Texas Rules of Civil Procedure provides that "[t]he court shall submit the questions, instructions and definitions in the form provided by Rule 277, which are raised by the written pleadings and the evidence." This rule requires trial courts to submit requested questions to the jury if the pleadings and any evidence support them. *Elbaor v. Smith*, 845 S.W.2d 240, 243 (Tex. 1992). To determine whether legally sufficient evidence supported Colbert's ordinary negligence submission, we must examine the record for evidence supporting Colbert's question and ignore all evidence to the contrary. *See id.* "A trial court may refuse to submit an issue only if no evidence exists to warrant its submission." *Id.* However, in this instance, we must presume the omitted parts of the record support the judgment of the trial court, as Colbert failed to request an entire reporter's record or file a statement of issues to be presented on appeal. *See Garcia v. Sasson*, 516 S.W.3d 585, 591 (Tex. App.—Houston [1st Dist.] 2017, no pet.).

In order to determine whether Colbert's question should have been presented to the jury, we must examine the record to see if there is some evidence that Smith was negligent in providing Colbert with the frame. If we find such evidence, then we must conclude that the trial court should have submitted Colbert's requested ordinary negligence question, and accordingly, we must reverse. *See id.*

At trial, Colbert put forth evidence that the frame was dangerous to send home with customers. Martha Sue McCurley, an employee of Smith, testified that the frame was kept in a locked storage room. McCurley also testified that she warned Colbert that the frame was heavy before giving it to Colbert and that she did not inspect the frame to make sure it was safe. Brad Smith, the owner of Smith Family Funeral Home, also testified that he would not have given the frame to Colbert but that he never told his employees not to send the frame home with customers. Although McCurley and Smith testified that they believed that Colbert was injured because she fell, Colbert's brother testified that Colbert did not fall but, rather, that the glass slid out of the frame and cut Colbert's foot. Taken together, this evidence amounts at least to some evidence supporting Colbert's assertion of Smith's negligence. Accordingly, the trial court should have submitted it to the jury. *See Sw. Bell Tel. Co. v. Thomas*, 554 S.W.2d 672, 674 (Tex. 1977) (trial court must submit issues if there is "some evidence" of contributory negligence).

Additionally, Colbert properly preserved error regarding the trial court's wrongful refusal to include the ordinary negligence question in the jury charge. Colbert objected during the charge conference that the court's submission failed to include an ordinary negligence question. Colbert also submitted an ordinary negligence question in "substantially correct wording" as required by Rule 278. *See* TEX. R. CIV. P. 278. Specifically, Colbert's proposed question was "Did the negligence, if any, of those named below proximately cause the occurrence in question?" *See* STATE BAR OF TEX., TEXAS PATTERN JURY CHARGES—GENERAL NEGLIGENCE PJC 4.1 (2018).

Because the trial court erred in failing to include Colbert's proposed ordinary negligence question, we must determine whether this was reversible error. Charge error requires reversal when it "probably caused the rendition of an improper judgment." TEX. R. APP. P. 44.1(a)(1). When determining whether charge error

probably caused an improper judgment, we examine the entire record. *Transcon. Ins. Co. v. Crump*, 330 S.W.3d 211, 225 (Tex. 2010). "Charge error is generally considered harmful if it relates to a contested, critical issue." *Hawley*, 284 S.W.3d at 856.

Here, in consideration of the standards set forth above, we find that this charge error was harmful. Whether Colbert's claim sounded in ordinary negligence or premises liability was a contested, critical issue in this case. Moreover, negligence and premises liability claims are not interchangeable. *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017). By not submitting the ordinary negligence question, the trial court denied the jury the opportunity to consider whether Smith was negligent in that context. Because this case is not a premises defect case, the charge to the jury was erroneous, and the jury's answer was not supported by the evidence. In this case, even though we have presumed the omitted portions of the record are relevant and support the judgment of the trial court, the partial record submitted by Colbert demonstrates error. Accordingly, we sustain Colbert's sole issue.

### This Court's Ruling

We reverse the judgment of the trial court and remand the cause for further proceedings.

March 19, 2020

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

KEITH STRETCHER
JUSTICE

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.