The UNIVERSITY OF TEXAS
MEDICAL BRANCH AT
GALVESTON, Appellant,

v.

Martha DAVIDSON, Appellee.

No. C14–93–00876–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 4, 1994.

Mike Thompson, Jr., Austin, for appellant.

Neil G. Baron, Austin, for appellee.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

## OPINION

CANNON, Justice.

This is a tort claims case involving an alleged injury sustained by Martha Davidson,

appellee and plaintiff below, when she attempted to enter an elevator on the grounds of the University of Texas Medical Branch ("UTMB") on July 18, 1988. UTMB appeals the judgment of the trial court awarding Martha Davidson damages arising from that injury. UTMB brings four points of error. We reverse the judgment and render judgment that Davidson take nothing.

In their first point UTMB complains that the trial court erred when it submitted the case under a general negligence charge. UTMB argues the case was one arising out of a premises defect. UTMB also complains that the charge was submitted without any consideration of (1) whether the elevator doors closing were an unreasonably dangerous condition, and (2) whether UTMB or Ms. Davidson had any knowledge of that condition.

At the charge conference UTMB objected to the submission of a general negligence charge. UTMB requested that the charge include questions asking about the knowledge of the respective parties, and instructions on negligence, ordinary care, invitee, and licensee. UTMB specified that the charge had error similar to that found in *State Department of Highways v. Payne*, 838 S.W.2d 235 (Tex.1992). The court overruled UTMB's objections.

Resolution of UTMB's first point of error revolves around the construction of two sections of the Texas Tort Claims Act (hereinafter, "Act"). Section 101.021, entitled "Governmental Liability," provides:

A governmental unit for the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986). And, section 101.022, entitled "Duty Owed: Premise and Special Defects," provides:

(a) If a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises.

(b) The limitation of duty in this section does not apply to the duty to warn of special defects such as excavations or obstructions on highways, roads, or streets or to the duty to warn of the absence, condition, or malfunction of traffic signs, signals, or warning devices as is required by Section 101.060.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.022 (Vernon 1986).

Section 101.021 fixes the elementary rule: governmental immunity is waived in three general areas—injuries arising from (1) use of publicly owned vehicles or other motor-driven equipment, (2) a *condition* of *real* property (premises liability), and (3) the condition or use of *personal* property. *Salcedo v. El Paso Hospital District*, 659 S.W.2d 30, 31 (Tex.1983) (emphasis ours). Liability for premises defects is implied under § 101.-021(2) because premises defects arise from a condition existing on real property.

Section 101.022(a) limits the State's liability for premises defects under § 101.-021(2) by imposing upon the State the same duty of care a private landowner owes a licensee. *Hawley v. State Dep't of Highways and Public Transportation*, 830 S.W.2d 278 (Tex.App.—Amarillo 1992, no writ); *State v. Tennison*, 509 S.W.2d 560, 562 (Tex.1974). That duty requires a landowner not injure a licensee by willful, wanton, or grossly negligent conduct, and that the owner use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee

is not. *State Dept. of Highways v. Payne*, 838 S.W.2d 235, 237 (Tex.1992). Although the Act does not specifically state, case law interpreting the Act has held that if the claimant pays for use of the premises, then § 101.022(a) imposes upon the State the same duty of care a private landowner owes an invitee. TEX.CIV.PRAC. & REM.CODE ANN. § 101.022(a) (Vernon 1986); *M.D. Anderson Hospital and Tumor Institute v. Felter*, 837 S.W.2d 245, 247 (Tex.App.—Houston [1st Dist.] 1992, no writ). If the premises condition is a special defect, then § 101.022(b) likewise imposes upon the State the same duty of care a private landowner owes an invitee. *Payne*, 838 S.W.2d at 237. That duty requires a landowner to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition of which the owner is or reasonably should be aware. *Id.*

Both parties have argued convincingly that a defective elevator is either a premises defect or a condition or use of tangible personal property. We are convinced the answer to the this problem does not lie in classifying an elevator's "attributes" as belonging either to the category of "premises defects" or "use or condition of property". Such an exercise would be futile.

■ Rather, the answer lies in the limitation language of § 101.022(a). A premises defect is a defect or dangerous condition that arises from a condition on the premises. For example, a negligently waxed floor; a culvert running perpendicular to, and under, a highway; a security screen permanently affixed to an exterior window; and slippery, wet algae growth on rocks at the base of stairs leading down from the Galveston seawall, are all premises defects. *State v. Tennison*, 509 S.W.2d 560 (Tex.1974); *State Dept. of Highways v. Payne*, 838 S.W.2d 235 (Tex.1992); *Billstrom v. Memorial Medical Center*, 598 S.W.2d 642, 647 (Tex.Civ.App.—Corpus Christi 1980, no writ); *Blankenship v. County of Galveston*, 775 S.W.2d 439 (Tex.App.—Houston [1st Dist.] 1989, no writ). Each injury above arose from a dangerous condition existing on the property.

Conversely, a bolt extending from a simple mechanical device attached to a tennis net post; movable, temporary, portable barrels used to direct traffic; an unattached wall panel/divider; and a hospital bed with no side rails, are all cases involving injuries arising from the condition of tangible *personal* property. *City of Baytown v. Townsend*, 548 S.W.2d 935 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.); *Texas Dept. of Transportation v. Henson*, 843 S.W.2d 648 (Tex.App.—Houston [14th Dist.] 1992, no writ); *Harris County v. Dowlearn*, 489 S.W.2d 140 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.); *Overton Memorial Hospital v. McGuire*, 518 S.W.2d 528 (Tex.1975) (*per curiam*). Negligently using lab equipment and washing an eyeball down the drain; coaches and trainers negligently furnishing defective football protective equipment; an employee's failure to provide a life preserver to an epileptic patient in the State's care; and a State employee's negligent use of a screwdriver in repairing a traffic signal, are all cases involving the active negligence of state employees while using tangible personal property. *Mokry v. University of Texas Health Science Center at Dallas*, 529 S.W.2d 802 (Tex.Civ.App.—Dallas 1975, writ ref'd n.r.e.); *Lowe v. Texas Tech University*, 540 S.W.2d 297 (Tex.1976); *Robinson v. Central Texas M.H.M.R. Center*, 780 S.W.2d 169 (Tex.1989); *Texas Dept. of Transportation v. Ramming*, 861 S.W.2d 460 (Tex.App.—Houston [14th Dist.] 1993, writ denied).

*Billstrom* is particularly relevant to the case at bar. In that case a patient broke through a security screen attached to a hospital window and fell to the ground. The plaintiff's pleadings stated that recovery was not sought under a premises liability theory, but upon defective equipment in the room. The plaintiff's pleadings sought to characterize the suit as one involving injuries arising from the "condition and use of personal or real property." *Billstrom*, 598 S.W.2d at 645.

The court of appeals reasoned that because the Tort Claims Act does not define a premises defect, a common and ordinary meaning should be applied. The court noted that "premises" is commonly defined to be "a building or part of a building with its

grounds and other appurtenances," and, further, the legal definition is, ". . . land and its appurtenances." *Id.* at 646.

Consequently, the court of appeals rejected the plaintiff's argument. It noted that although the plaintiff's allegations regarding the security screen and window concerned the condition of tangible property, they were nevertheless premises defects within both the generally accepted common and legal definition of the words. The court acknowledged that the allegations dealt with a defect in an appurtenance to the room itself, and distinguished the window and security screen from distinct pieces of equipment.

■ The court's recognition that the defective security screen concerned both a condition of tangible property *and* a premises defect, however, implicitly holds that § 101.-022(a) limits the State's general liability under § 101.021(2). We find their reasoning sound. Despite the fact that an elevator is a separate piece of equipment, it is also undeniably an integral part of the building, like a stairwell, floor, or, as in *Billstrom,* a security screen permanently attached to a window. And, although an elevator can be removed, in truth, it is not a "temporary" installation in any sense; it is a permanent addition to the building. Furthermore, being attached to the building and an integral part of its construction, an elevator is clearly an appurtenance, in fact, more so than the security screen in *Billstrom.*

Finally, in support of our analysis, this Court has been able to find one case touching on the issue of whether a defective condition involving an elevator is a premises defect. In *Triangle Motors of Dallas v. Richmond,* 152 Tex. 354, 258 S.W.2d 60 (1953), the Texas Supreme Court held that an unsafe condition created by a faulty elevator is a premises defect. That case did not involve a government entity.

In *Triangle Motors,* a plumber working on the second floor was injured when he called down an open elevator shaft to his assistant and was hit by the elevator, which was descending. The evidence showed that the front of the shaft was normally barred by a wire gate with a closing switch which would only permit the elevator to operate when the

gate was closed. The evidence also showed that the gate had been left open, and the switch blocked or propped so that the elevator would keep working. The Texas Supreme Court clearly considered this to be a premises defect, in spite of the fact that an operator controlled the elevator. *Id.* 258 S.W.2d at 62.

In *Triangle Motors,* a dangerous condition on the premises was created by blocking the switch so that the elevator would keep operating even when the gate in front of the shaft was open. Likewise, in the case at bar, a dangerous condition, if any existed, was created on the premises by the malfunctioning elevator doors, if, indeed, they were malfunctioning. We hold that under the facts of this case the alleged defect in the elevator was a premises defect.

UTMB prays that this Court reverse and render judgment that Ms. Davidson take nothing. UTMB argues that no evidence was presented to demonstrate that the condition of elevator doors created unreasonable risk of harm, UTMB knew or reasonably should have known of the alleged condition, and UTMB failed to exercise ordinary care to protect her from danger. These issues should have been submitted to the jury. They were not. The trial court erred by submitting a general negligence charge to the jury.

■ UTMB properly preserved its complaint regarding the jury charge by objecting to the charge and submitting a substantially correct charge to the trial court. *State Dept. of Transportation v. Payne,* 838 S.W.2d 235, 241 (Tex.1992). Ms. Davidson was not entitled to recover on a general negligence theory as a matter of law. To prevail on ·a premises defect theory, she was required to obtain a finding that (1) a condition of the premises created an unreasonable risk of harm to her; (2) UTMB knew or, if she was an invitee, reasonably should have known, of the condition; and (3) UTMB failed to exercise ordinary care to protect her from danger. *Payne,* 838 S.W.2d at 239. These elements were not included in the broad-form charge submitted to the jury. Finally, a finding on these elements cannot be deemed

in her favor because UTMB objected to the omissions by requesting jury questions on those issues. TEX.R.CIV.P. 279; *Payne*, 838 S.W.2d at 241. Thus, under *Payne*, the verdict does not support a judgment in her favor. We reverse the judgment of the trial court, and render judgment that Davidson take nothing.