Reversed and Rendered and Opinion filed January 27, 2005









Reversed and Rendered and Opinion filed January 27, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00286-CV

_______________

 

BRENHAM HOUSING AUTHORITY, Appellant

 

V.

 

MARGARET DAVIES, Appellee

______________________________________________________

 

On Appeal from the 21st District Court

Washington County, Texas

Trial Court Cause No. 33,026

______________________________________________________

 

O P I N I O N








In this
interlocutory appeal, appellant, the Housing Authority of the City of Brenham,
Texas, a/k/a/ Brenham Housing Authority (ABHA@) appeals from the denial of its plea
to the jurisdiction.  BHA contends that
the trial court erred in denying its plea to the jurisdiction on the grounds
that (1) the Texas Tort Claims Act does not waive immunity from Davies=s premises defect claim, (2) the
Texas Tort Claims Act does not waive immunity from Davies=s breach of contract and breach of
warranty of habitability claims, and (3) the Texas Tort Claims Act does not
waive immunity from Davies=s strict products liability claim.  We will not consider whether the trial court
has jurisdiction over Davies=s breach of contract, breach of warranty of habitability, and
strict products liability claims because they were not addressed in BHA=s plea to the jurisdiction.  However, we reverse and render judgment
granting BHA=s plea to the jurisdiction as to
Davies=s premises defect claim.[1]

I.  Background

In March
1997, Margaret Davies became a tenant of Northside Terrace Apartments (ANorthside Apartments@) located in Brenham, Texas, and she
resided there until November 1999.  She
again became a tenant in January 2000 and lived there until February 2003.  Northside Apartments is owned by Northside Terrace,
Ltd. and managed by BHA.

Davies
alleges that during her tenancy at Northside Apartments, she began experiencing
various physical and mental ailments. 
She contends that she did not know the cause of these problems until
January 2003, when the City of Brenham Gas Department inspected her hot water
heater and discovered that it was emitting carbon monoxide fumes into her
apartment.  A report signed by the gas
inspector indicates that the vent pipe was not properly connected to the top of
the hot water heater, and this defect allowed carbon monoxide fumes to escape
into the apartment.  The hot water heater
was removed and a new one installed. 
Davies alleges that shortly after the replacement of the hot water
heater, she was diagnosed with Chronic Carbon Monoxide Poisoning.   








Davies
subsequently filed suit against BHA as well as Northside Terrace, Ltd., NHB
Development Corp., State Industries, Inc., and Unknown Defendants 1-25 on
theories of negligence, breach of warranty of habitability, breach of contract,
and strict products liability. BHA filed a plea to the jurisdiction, asserting
that immunity had not been waived under the Texas Tort Claims Act as to the
premises defect claim.  The trial court
entered an order denying the plea to the jurisdiction, and BHA filed this
interlocutory appeal.  See Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(8) (Vernon Supp. 2004B05). 

II.  Standard
of Review

A plea
to the jurisdiction challenges the trial court=s authority to determine the subject matter
of the cause of action.  Texas Parks
& Wildlife Dep=t. v. Garrett Place, Inc., 972 S.W.2d 140, 142 (Tex. App.CDallas 1998, no pet.).  Because subject matter jurisdiction presents
a question of law, we review the trial court=s decision de novo.  Rylander v. Caldwell, 23 S.W.3d 132,
135 (Tex. App.CAustin 2000, no pet.).  In deciding a plea to the jurisdiction, we
may not weigh the merits of the claim, but must consider only the plaintiff=s pleadings and the evidence
pertinent to the jurisdictional inquiry. 
Texas Natural Res. Conservation Comm=n v. White, 46 S.W.3d 864, 868 (Tex. 2001); Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554B55 (Tex. 2000).  When we consider a trial court=s order on a plea to the
jurisdiction, we construe the pleadings in the plaintiff=s favor and look to the pleader=s intent.  See Texas Ass=n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993).  In order to prevail, the party
asserting the plea must show that, even if all the allegations in the plaintiff=s pleadings are taken as true, there
is an incurable jurisdictional defect apparent from the face of the pleadings,
rendering it impossible for the plaintiff=s petition to confer jurisdiction on
the trial court.  Rylander, 23
S.W.3d at 135.

III.  Plea
to the Jurisdiction








The
State, its agencies, and its subdivisions generally enjoy immunity from suit
unless immunity has been waived by the Texas Tort Claims Act.  See Dallas County Mental Health &
Retardation v. Bossely, 968 S.W.2d 339, 341 (Tex. 1998).  Unless immunity is waived, the trial court
lacks jurisdiction and is without authority to decide the case.  See Texas Ass=n of Bus., 852 S.W.2d at 443 (holding that
subject matter jurisdiction is essential to a court=s authority to decide a case).

In this
case, BHA is an agency of the State that generally enjoys immunity from
suit.  See Tex. Loc. Gov=t Code Ann.
392.006 (Vernon 1999).[2]  Accordingly, it was Davies=s burden to plead facts which, taken
as true, would invoke the trial court=s jurisdiction.  

A.                
Trial Court=s
Jurisdiction Over Davies=s
Premises Defect Claim

1.  Duty of
Care

In its
first issue, BHA contends that the Texas Tort Claims Act limits its duty of
care to Davies to the duty that a private landowner owes to a licensee.  BHA contends the trial court erred in denying
its plea to the jurisdiction with respect to Davies=s premises defect claim because
Davies failed to plead or prove facts under which BHA would be liable to a
licensee.  Conversely, Davies contends
she should be accorded the status of an invitee under the Texas Tort Claims Act
because she paid rent to BHA.  BHA=s argument as to its duty of care is
centered on a construction of Sections 101.021(2) and 101.022(a) of the Texas
Tort Claims Act.  Section 101.021(2) of
the Texas Tort Claims Act waives 
immunity for personal injuries caused by a condition of real property Aif the governmental unit would, were
it a private person, be liable to the claimant according to Texas law.@ 
Tex. Civ. Prac. & Rem. Code
Ann. ' 101.021(2) (Vernon 1997).  However, with respect to ordinary premises
defects, Section 101.022(a) limits a governmental unit=s duty of care to the duty that a
private person owes to a licensee, unless the claimant Apays for use of the premises.@ 
Tex. Civ. Prac. & Rem. Code
Ann. ' 101.022(a)
(Vernon 1997).








A
licensee is required to plead and prove the following: (1) the owner had actual
knowledge of the defective condition; (2) the licensee had no knowledge of the
defective condition; (3) the owner failed to exercise ordinary care to protect
the licensee from danger; and (4) such failure was a proximate cause of injury
to the licensee.  State Dep=t of Highway & Pub. Transp. v.
Payne, 838 S.W.2d
235, 237 (Tex. 1992).  Thus, a licensee
must show that the landowner had actual knowledge of the defective
condition.  Id.  In the present case, Davies does not
allege that BHA had actual knowledge of the purported defect in the water
heater.  Therefore, BHA argues that under
the licensee standard, immunity is not waived because BHA would not be liable
to Davies if it were a private person.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 101.021(b) (providing that immunity
is waived to the extent that a private person would be liable to the claimant
according to Texas law).  

BHA
argues that Davies=s payment of rent does not constitute the type of payment Afor use of the premises@ contemplated by Section
101.022(a).  BHA thus contends that
Section 101.022(a) limits BHA=s duty of care to the duty that a private person owes to a
licensee.  To support its position, BHA
argues that the phrase Apays for use of the premises@ in Section 101.022(a) means payment
for mere temporary use of a facility as opposed to payment for exclusive
occupancy and control of an apartment. 
However, BHA cites no authority limiting Section 101.022(a) to payment
for temporary use of a premises.  BHA=s argument cannot overcome the plain
language of the statute.  We must give
effect to a statute=s common meaning.  Tex. Gov=t Code Ann. ' 311.011 (Vernon 1998).  We may not add or subtract from the statutory
language.  Texas Dep=t of Public Safety v. Butler, 960 S.W.2d 375, 377 (Tex. App.CHouston [14th Dist.] 1998, no pet.).  Rather, we must take a statute as we find it
and must interpret it as the words in their plain sense fairly sanction and
will clearly sustain.  St. Luke=s Episcopal Hosp. v. Agbor, 952 S.W.2d 503, 505 (Tex. 1997). 








In
Section 101.022(a), there is no qualification on the nature of use of a
premises by a claimant, nor any limitation on the duration of such use.  Had the legislature intended to qualify
Section 101.022(a) to a payment for use of temporary duration, it could have
done so.  Under the plain language of the
statute, by remitting money in consideration for occupancy of the apartment,
Davies paid for use of the premises. 
Accordingly, Section 101.022(a) does not limit BHA to the licensee
standard of care.  However, payment for
use does not automatically confer the invitee standard asserted by Davies. 

An
invitee must plead and prove the following: (1) a condition of the premises
posed an unreasonable risk of harm to her; (2) the owner knew or reasonably
should have known of the defective condition; (3) the owner failed to exercise
ordinary care to protect the invitee from danger; and (4) such failure was a
proximate cause of the injury to the invitee. 
Payne, 838 S.W.2d at 237. 
Under this standard, the invitee must only show that the landowner knew
or reasonably should have known of the defective condition.  Id. 
In her live petition, Davies alleges that BHA reasonably should have
known of the purported defect in the hot water heater.  Thus, Davies contends (taking her pleadings
as true) that under an invitee standard, BHA would be liable to her if it were
a private person; therefore, her pleadings are sufficient to support waiver of
BHA=s immunity.  Accordingly, she contends the trial court has
jurisdiction.








As
authority, Davies cites Thompson v. City of Corsicana Housing Authority,
57 S.W.3d 547 (Tex. App.CWaco 2001, no pet.). 
In Thompson, the plaintiff paid the Corsicana Housing Authority
$25 per month in rent. Id. at 553. 
The plaintiff and an acquaintance were injured when the roof of the
apartment collapsed while they were sitting in the apartment.  Id. at 550.  The court concluded that because the plaintiff
paid the housing authority monthly rent for occupancy of the apartment, she was
entitled to the status of an invitee.  Id.
at 553.  In reaching this conclusion, the
Thompson court cited several cases holding that a claimant who pays for use
of the premises is under a duty of care owed to an invitee.  See id. (citing Texas Parks &
Wildlife Dep=t. v. Davis, 988 S.W.2d 370, 374 (Tex. App.CAustin 1999, no pet.); University
of Tex. Med. Branch v. Davidson, 882 S.W.2d 83, 85 (Tex. App.CHouston [14th Dist.] 1994, no writ); M.D.
Anderson Hosp. & Tumor Inst. v. Felter, 837 S.W.2d 245, 247 (Tex. App.CHouston [1st Dist.] 1992, no
writ)).  However, we find that the cases
relied upon by the court in Thompson are not controlling in the
landlord-tenant context.

In each
of the cases relied upon by the Thompson court, the claimant was deemed
to be an invitee because he paid a fee for entry onto a premises controlled by
the government.  However, in the instant
case, Davies=s right to enter and remain on the
premises was not derived from permission granted or an invitation extended by
the housing authority.  Rather, Davies=s right of possession is derived from
a lease, giving her the legal status of a tenant. See, generally, Kukis v.
Newman, 123 S.W.3d 636, 639 (Tex. App.CHouston [14th Dist.] 2003, no pet.)
(distinguishing between owner/invitee and lessor/lessee relationships).  The duty of care that a landowner owes to a
tenant for dangerous conditions inside of the leased premises is different from
the duty of care that a landowner owes to an invitee, notwithstanding the
tenant=s payment for use of the leased
premises.  See Johnson Co. Sheriff=s Posse v. Endsley, 926 S.W.2d 284, 285 (Tex. 1996)
(holding that lessor generally has no duty to tenant for dangerous conditions
on the leased premises); Montelongo v. Goodall, 788 S.W.2d 717, 718
(Tex. App.CAustin 1990, no writ) (same). 

In addition
to the distinction in the case law cited above, we also examine the purpose of
the Texas Torts Claims Act.  In Davidson,
this court recognized that Section 101.022(a) generally Alimits the State=s liability for premises defects
under Section 101.021 by imposing upon the State the same duty of care a
private landowner owes a licensee.@ 882 S.W.2d at 84. Section 101.022(a)
is not intended to impose a new duty upon the State.  See, generally, City of Denton v. Page,
701 S.W.2d 831, 834 (Tex. 1986) (finding that the Act does not create new
duties; it simply waives immunity under circumstances in which a private person
would be liable).








Interpreting
Section 101.022(a) to mean that a housing authority that owns or operates an
apartment complex owes the invitee duty of care to every tenant who pays rent
would expose housing authorities to greater liability than private landowners
under Texas law.  Section 101.022(a)
would no longer be a limitation on the State=s duty of care, rather it would
impose a new duty upon the State.  While
private landowners owe a very limited duty to their tenants for dangerous
conditions inside the leased premises, housing authorities would, under the
theory urged by Davies, owe the invitee duty of care to every tenant who pays
rent.  This theory contravenes the
Legislature=s clear directive in Section
101.021(2) that immunity is waived only to the extent that a private person
would be liable to the claimant under Texas law.  Accordingly, we do not construe Section
101.022(a) to mean that BHA owed Davies the invitee duty of care simply because
she paid rent.  

Thus,
while the parties focus their analysis on whether Davies is a licensee or an
invitee, we find that neither is the proper standard under the facts of this
case.  If BHA owed a duty to Davies, it
arose out of her status as a tenant at Northside Apartments.  

2.  Duty of Care Applicable to Facts

BHA is
not the owner or occupier of Northside Apartments, but is the agent of the
owner, Northside Terraces, Ltd., who is the lessor.  Generally, the lessor transfers possession
and control of the leased premises to the tenant, and therefore, owes no duty
to the tenant for dangerous conditions on the leased premises.  Endsley, 926 S.W.2d at 285; Prestwood
v. Taylor, 728 S.W.2d 455, 460 (Tex. App.CAustin 1987, writ ref=d n.r.e.).  However, Davies asserts that in this case,
BHA maintained control over her apartment by virtue of a contractual duty to
maintain and repair the leased premises. 
A lessor who retains control over a portion of the leased premises is
charged with the duty of ordinary care in maintaining the portion retained so
as not to harm the tenant.  Parker v.
Highland Park, Inc., 565 S.W.2d 512, 515 (Tex. 1978); Brown v. Frontier
Theatres, Inc., 369 S.W.2d 299, 303 (Tex. 1963).  However, a lessor=s contractual right to enter the
premises to make repairs and alterations is not a reservation of control over a
part of the premises.  Shell Oil Co.
v. Kahn, 138 S.W.3d 288, 295B97 (Tex. 2004); De Leon v. Creely,
972 S.W.2d 808 812B13 (Tex. App.CCorpus Christi 1998, no pet.).    








To
support her position that BHA had control over her apartment, Davies relies
upon a provision in the Management Agreement between BHA and Northside Terrace,
Ltd.  The relevant provision of the
Management Agreement required BHA to Acause the project to be maintained
and repaired in accordance with the Management Plan and Local codes, and in a
condition at all times acceptable to [Northside Terrace, Ltd.].@ 
We do not construe this provision as a reservation of control over
Davies=s apartment unit so as to subject BHA
to liability under a premises defect theory. 
This provision supports the contention that BHA has a contractual
obligation to maintain the apartment complex on behalf of Northside Terrace,
Ltd.  However, this provision does not
establish BHA=s control over the inside of Davies=s apartment beyond a right to enter
and make repairs.     








We note
that Davies does not allege that the lease contract between Davies and BHA
imposed a duty upon BHA to inspect the inside of Davies=s apartment.  However, even assuming that the lease
contract imposed such a duty upon BHA, we find that the lease contract cannot
serve as a basis to impose liability upon BHA. 
Section 392.006 of the Local Government Code provides that a housing authority
is subject to Aall landlord obligations and tenant
remedies, other than a suit for personal injuries, as set forth in any
lease or rental agreement and in Chapters 24, 54, 91, and 92 of the Property
Code.@ 
Tex. Loc. Gov=t Code Ann. ' 392.006 (emphasis added).  While Section 392.006 is not a model of
clarity, it appears to limit a housing authority=s waiver of immunity from personal
injury suits for any obligation arising under a lease agreement.  Because Davies=s suit is for personal injuries, we
conclude that the legislature has not waived BHA=s immunity from suit for any
obligations BHA may have had under the lease agreement.[3]  Accordingly, we hold Section 392.006 protects
BHA from liability for Davies=s personal injury claim.  


Accordingly,
we sustain BHA=s first issue, and find that Davies=s pleadings fail to establish that
BHA=s immunity is waived with respect to
Davies=s premises defect claim.[4]


C.        Trial Court=s Jurisdiction
Over Davies=s Other
Claims 

In its
third and fourth issues, BHA argues for the first time on appeal that the trial
court also lacked jurisdiction over Davies=s breach of contract, breach of
warranty of habitability, and strict products liability claims.  However, BHA=s argument in its plea to the
jurisdiction was based solely on its contention that governmental immunity barred
Davies=s premises defect claim.

We have
jurisdiction to review the trial court=s interlocutory order because it Agrants or denies a plea to the
jurisdiction by a governmental unit as defined in Section 101.001 [of the Texas
Tort Claims Act].@  See Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(8).  Under Section 51.014(a)(8), our jurisdiction
is limited to a review of the trial court=s interlocutory order on a plea to
the jurisdiction.  Id.








BHA,
nonetheless, contends that we should consider the trial court=s jurisdiction over Davies=s other claims because jurisdiction
cannot be waived and can be raised for the first time on appeal.  See Denton County v. Huther, 43 S.W.3d
665, 667 n.2 (Tex. App.CFort Worth 2002, no pet.). 
We acknowledge that jurisdiction cannot be waived and can be raised for
the first time on appeal.  However,
Section 51.014(a)(8) gives us jurisdiction over this interlocutory appeal for the
limited purpose of reviewing the trial court=s interlocutory order on a plea to
the jurisdiction.  Because our
jurisdiction in this interlocutory appeal is limited to review of the trial
court=s order, we must confine our review
to the claims addressed in the plea to the jurisdiction.  City of Dallas v. First Trade Union Sav.
Bank, 133 S.W.3d 680, 686B87 (Tex. App.CDallas 2003, pet. filed). 
Accordingly, we reach no decision on whether BHA=s governmental immunity is waived for
Davies=s breach of contract, breach of
warranty of habitability, and strict products liability claims.

IV.  Conclusion

In sum,
we will not consider whether the trial court has jurisdiction over Davies=s breach of contract, breach of
warranty of habitability, and strict products liability claims because they
were not addressed in BHA=s plea to the jurisdiction. 
However, we conclude that the trial court erred in denying BHA=s plea to the jurisdiction as to
Davies=s premises defect claim.  Therefore, we reverse the trial court=s order and render judgment granting
the plea to the jurisdiction as to Davies=s premises defect claim.

 

/s/        Charles
W. Seymore

Justice

 

Judgment rendered and Opinion filed
January 27, 2005.

Panel consists of Chief Justice
Hedges and Justices Anderson and Seymore.

Publish C Tex.
R. App. P. 47.2(b).

 











[1]  Davies alleged
a number of different acts of negligence. 
However, her injuries resulted from a defective condition of the hot
water heater, which is an appurtenance to the apartment itself.  Therefore, her allegations of negligence are
properly characterized as a premises defect claim.  See University of Texas Med. Branch v.
Davidson, 882 S.W.2d 83, 85B86 (Tex. App.CHouston
[14th Dist.] 1994, no writ).





[2]  While the
terms “sovereign immunity” and “governmental immunity” are often used
synonymously, there is a distinction. 
Sovereign immunity refers to the State=s
immunity from suit and liability, and it protects the State and its
divisions.  Wichita Falls State Hosp.
v. Taylor, 106 S.W.3d 692, 694 n.3 (Tex. 2003).  Governmental immunity protects political
subdivisions of the State, including counties, cities, and schools.  Id.

 





[3]  In Thompson
v. City of Corsicana Housing Authority, the court was faced with a similar
issue.  In that case, the tenant sought
to impose liability upon the housing authority based upon a lease provision
requiring the housing authority to keep the premises in a condition safe for
habitation.  57 S.W.3d at 588. Relying on
Section 392.006, the court concluded that because the tenant sought only
personal injury damages, the housing authority could not be held liable for
violation of the lease provision.  Id.
at 558B59.  In Thompson,
the tenant framed her complaint as a breach of contract claim, as opposed to a
premises defect claim.  Id.





[4]  Because we
resolve this issue in favor of BHA, we need not address BHA=s second issue.