**Jerry, Marsha and Jason CHAMBERS, Appellants**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 05–10–01573–CV.

Court of Appeals of Texas, Dallas.

July 30, 2012.

Jerry Chamers, Marsha Chambers and Jason Chambers, pro se.

David A. Harris, Attorney General Office, Austin, TX, for Appellee.

Before Justices MOSELEY, FITZGERALD, and MARTIN RICHTER.

## OPINION

Opinion By Justice MARTIN RICHTER.

Appellants Jerry, Marsha, and Jason Chambers (collectively, the "Chambers") bring this interlocutory appeal after the trial court granted a plea to the jurisdiction filed by the Texas Department of Public Safety ("DPS"). We conclude the Texas Tort Claims Act ("TTCA") did not waive governmental immunity for the Chambers' claims that the DPS officer negligently and recklessly violated his duty

and ethics, improperly investigated the accident and caused physical pain, emotional distress and mental anguish and therefore the trial court did not err in granting the DPS's plea to the jurisdiction. We resolve the Chambers' issues against them and affirm the trial court's judgment.

*Background*

Jerry Chambers was involved in a motorcycle accident and his wife, Marsha Chambers, was called to the scene of the accident where the DPS was investigating. Jerry was issued a ticket that was ultimately dismissed.

The Chambers brought suit against the DPS claiming the DPS officer negligently and recklessly violated his duty and ethics, improperly investigated the accident, and caused physical pain, emotional distress, and mental anguish. The Department's original answer asserted its entitlement to sovereign immunity. The Department also filed a plea to the jurisdiction and/or motion for dismissal for lack of subject matter jurisdiction. After the Chambers filed a response, first amended petition, and motion to deny the plea, the Department filed an additional response. The trial court granted the plea to the jurisdiction and dismissed the cause of action against the Department with prejudice. The Chambers now appeal.

On appeal, the Chambers contend the trial court erred in dismissing their claims for lack of jurisdiction. In particular, the Chambers appear to argue the Department waived immunity for their claims; the officer's negligent use of personal property caused them personal injuries and the officer negligently implemented DPS policy.[1] The Department responds

that the trial court did not err in dismissing the suit for lack of jurisdiction.

*Standard of review*

Whether a trial court has subject matter jurisdiction is a matter of law that we review de novo. *See Texas Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004). To challenge the trial court's subject matter jurisdiction, a party may file a plea to the jurisdiction. *Id.* at 225–26. When reviewing a plea to the jurisdiction, we consider only the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry, we may not weigh the claims' merits. *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex. 2002). If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact questions will be resolved by the fact finder. *Miranda,* 133 S.W.3d at 227–28. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

*Analysis*

In the Chambers' first issue, they claim the negligent or reckless use of personal property issued to the officer by the department caused them physical injury. Specifically, the Chambers complain about the officer's use of his badge, uniform, and citation book.

■ DPS is a State of Texas agency and is generally entitled to the protections as a "governmental unit" found in the TTCA. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.001(3) (West Supp.2011). "The Tort

---

1. Appellant's brief also identifies a third issue: "Can the DPS claim that the Officer Intentional [sic] Cause [sic] Harm to Mr. And Mrs. Chambers even though the Officer had No Reason to Intentionally cause Physical Harm to either of the Appellants'...." This contention, however, is not supported by facts, citations to the record, or any legal authority. Therefore, it has not been properly presented for our review. *See* TEX.R.APP. P. 38.1(i).

Claims Act provides a limited waiver of sovereign immunity, allowing suits to be brought against governmental units only in certain, narrowly defined circumstances." *Texas Dep't of Criminal Justice v. Miller,* 51 S.W.3d 583 (Tex.2001); *see Dallas County Mental Health & Mental Retardation v. Bossley,* 968 S.W.2d 339, 341 (Tex. 1998) ("the Legislature intended the waiver in the Act to be limited").

It is well settled that unless waived, sovereign immunity protects the state, its agencies, and its officials from lawsuits for damages. *See Miranda,* 133 S.W.3d at 224; *Texas Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999). The Act specifically excludes waiver for a claim "arising out of assault, battery, false imprisonment, or any other intentional tort...." TEX. CIV. PRAC. & REM.CODE ANN. § 101.057 (West 2011). The TTCA provides in pertinent part:

A governmental unit in the state is liable for:

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2) (West 2011).

■ Although the Chambers' petition references property, their jurisdictional allegations do not come within the limited waiver of immunity in the TTCA. To prevail on a use of property claim, a plaintiff must show that a state employee was *using* the property. *See Texas A & M Univ. v. Bishop,* 156 S.W.3d 580, 583 (Tex.2005). Here, the Chambers did not allege that Department used any equipment which caused or contributed to their injuries. Instead, they claim that by wearing his uniform, displaying his badge, and requesting proof of insurance, the officer caused Marsha Chambers to "be in awe of his presents [sic]." Marsha Chambers testified:

I was upset at the accident and developed a severe headache, dizziness, et cetera because of the officer's actions and he ... could ... not have accomplished those because as your Honor is well aware, I'm not easily intimidated, and I would not have been intimidated by, you know, someone that was not wearing a uniform, not carrying a badge, and did not have the authority to follow me around or keep on asking me the same questions over and over.

The Chambers claim concerning the officer's negligent use of the departmental issued citation book similarly fails. The petition alleges the officer "handed her [Marsha Chambers] a ticket which was being issued to her husband, via her acceptance," and "Jerry Chambers became severely upset and angry when Marsha Chambers brought the ticket back to him at the hospital." There is no allegation, however, that the issuance of the ticket caused a physical injury. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (West 2011) (requiring condition or use to cause injury); *Texas Dep't of Public Safety v. Petta,* 44 S.W.3d 575, 580 (Tex.2001).

■ The Chambers also contend the trooper failed to take action and failed to use property. Specifically, the Chambers claim the officer failed to use his uniform and badge to collect additional witness information and statements. The Chambers contend the officer should have investigated the accident further and failed to do so because he had already decided to convict the Chambers for not having insurance on the motorcycle. But as the Texas Supreme court has observed, there is a distinction between claims involving the failure to use, or non-use of property, and

claims involving a "condition or use" of property. *Miller,* 51 S.W.3d at 587–89. A failure to use or non-use of property does not waive immunity. *Id.*

Based on the record before us, we conclude the Chambers' claims do not fall within the narrowly defined circumstances in which immunity is waived. The chambers' first issue is overruled.

■ In their second issue, the Chambers claim the officer was "negligently implementing DPS policy and the Transportation Code," because he negligently investigated the scene of the accident and issued Jerry Chambers a ticket which was later dismissed. The TTCA waives sovereign immunity from suit for claims that an officer negligently carried out governmental policy. *Petta,* 44 S.W.3d at 580; *see City of Brownsville v. Alvarado,* 897 S.W.2d 750, 754 (Tex.1995). To support their negligence claim, the Chambers allege that the officer negligently ignored DPS policy by: performing his duties impartially, by using threats and arguments, using his uniform and badge to intimidate Marsha Chambers, stating his personal feelings concerning motorcycles, and issuing a ticket that was later dismissed. These are intentional rather than negligent acts. The TTCA specifically excludes waiver for a claim "arising out of assault, battery, false imprisonment, or any other intentional tort...." TEX. CIV. PRAC. & REM.CODE ANN. § 101.057; *see also Petta,* 44 S.W.3d at 580. The Chambers' second issue is overruled.

*Conclusion*

Having overruled each of the Chambers' two issues, we affirm the trial court's judgment.