

# NUMBER 13-13-00289-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

TEJANO CENTER FOR COMMUNITY
CONCERNS, INC. D/B/A RAUL
YZAGUIRRE CHARTER SCHOOL
FOR SUCCESS AND JOHN DOE,                               Appellants,

v.

LAURA OLVERA, INDIVIDUALLY AND
AS NEXT FRIEND OF LIZBETH OLVERA,               Appellee.

On appeal from the County Court at Law No. 3
of Cameron County, Texas.

# MEMORANDUM OPINION

Before Justices Garza, Benavides, and Perkes
Memorandum Opinion by Justice Perkes

In this interlocutory appeal, appellants Tejano Center for Community Concerns, Inc. d/b/a Raul Yzaguirre Charter School for Success and John Doe (collectively "the school") appeal the trial court's denial of their plea to the jurisdiction in a case brought against them by appellee Laura Olvera, individually and as next friend of Lizbeth Olvera ("Olvera"). By three issues, the school argues its governmental immunity is not waived by the Texas Tort Claims Act ("TTCA") because: (1) Olvera's suit alleged a premises defect claim; (2) Olvera failed to allege the negligent operation or use of the school's bus; and (3) Olvera did not satisfy the TTCA notice requirement. We affirm.

## I. BACKGROUND

Olvera brought a negligence suit against the school for injuries Lizbeth Olvera sustained by falling while riding on one of the school's buses. According to Olvera's first amended petition, the school's bus driver asked Lizbeth to take attendance while the bus was in motion and while the bus floors were wet and slippery. Olvera alleged that Lizbeth was standing in the bus aisle when the driver unexpectedly braked, causing Lizbeth to fall and fracture her arm. Olvera contends in her petition that the driver was negligent because he "failed to keep a proper lookout" for Lizbeth's safety; "failed to warn" her of "the danger presented by having a child standing while the bus was in motion"; placed Lizbeth in a position of peril; and failed "to maintain the floor of the school bus in a reasonably safe condition."

The school filed a plea to the jurisdiction arguing the three issues presented in this appeal. After hearing, the trial court denied the school's plea to the jurisdiction.

2

## II. STANDARD OF REVIEW

A plea to the jurisdiction challenges the trial court's subject matter jurisdiction. *City of Dallas v. Carbajal*, 324 S.W.3d 537, 538 (Tex. 2010) (per curiam). Whether a court has subject matter jurisdiction is a question of law that we review de novo. *Id.* The standard for reviewing jurisdictional pleas is well-settled:

> When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. We construe the pleadings liberally in favor of the plaintiffs and look to the pleader's intent. If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend.

> However, if the plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. . . . If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law.

*Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–28 (Tex. 2004).

## III. TEXAS TORT CLAIMS ACT WAIVER OF GOVERNMENTAL IMMUNITY

By the school's first issue, the school characterizes Olvera's claim against the school as a premises-defect claim, which is not covered by the TTCA waiver of governmental immunity. By its second issue, the school argues that Olvera failed to assert a negligent operation or use of the school's bus. We consider these two issues together.

3

## A.    Texas Tort Claim Act Waiver

Governmental immunity[1] protects political subdivisions of the State, such as public school districts, from lawsuits for money damages. *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivs. Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 324 (Tex. 2006).    The Texas Supreme Court has concluded that an open-enrollment charter school is a "local governmental entity" for TTCA purposes.    *See LTTS Charter Sch., Inc. v. C2 Constr., Inc.*, 342 S.W.3d 73, 82 (Tex. 2011); *see also El Paso Educ. Initiative, Inc. v. Amex Props., LLC*, 385 S.W.3d 701, 705–06 (Tex. App.—El Paso 2012, pet. denied).    Governmental immunity can be waived, "but we defer to the Legislature to do so by statute."    *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011).

The TTCA provides a limited waiver of governmental immunity, allowing suits to be brought in certain, narrowly defined circumstances.    *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West, Westlaw through 2013 3d C.S.); *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001); *Chambers v. Tex. Dep't of Pub. Safety*, 392 S.W.3d 755, 757–58 (Tex. App.—Dallas 2012, no pet.).    We look to the terms of the TTCA to determine the scope of its waiver and consider the particular facts of the case before us to determine whether it comes within that scope.    *Miller*, 51 S.W.3d at 587 (citing *Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 584 (Tex. 1996)).    For school

---

[1] Although often used interchangeably, sovereign immunity and governmental immunity are distinct.    *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 695 n.3 (Tex. 2003).    Sovereign immunity protects a State and its various divisions from suit and liability.    *Id.*    "Governmental immunity, on the other hand, protects political subdivisions of the State, including counties, cities, and school districts."    *Id.* (citations omitted).

4

districts, the TTCA waiver only extends to tort claims that "arise[] from the operation or use of a motor-driven vehicle or motor-driven equipment." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.051 (West, Westlaw through 2013 3d C.S.) (narrowing TTCA waiver in suits against school districts to only the provision in section 121.021 regarding "operation or use of a motor vehicle or motor-driven equipment"); *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 656 (Tex. 2008). With respect to other claims, immunity is not waived, and a school district retains its immunity against them. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.051; *Garcia*, 253 S.W.3d at 656.

**B.     Premises Defect**

The TTCA does not waive a school district's immunity for premises-defect claims. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.051; *Garcia*, 253 S.W.3d at 656. "A premises defect is a defect or dangerous condition that arises from a condition on the premises." *Univ. of Tex. Med. Branch at Galveston v. Davidson*, 882 S.W.2d 83, 85 (Tex. App.—Houston [14th Dist.] 1994, no writ). "'[P]remises' is commonly defined to be 'a building or part of a building with its ground and other appurtenances,'" and "the legal definition is 'land and its appurtenances.'" *Id.* at 85–86 (quoting *Billstrom v. Mem'l Med. Ctr.*, 598 S.W.2d 642, 646 (Tex. App.—Corpus Christi 1980, no writ)).[2] It is a term associated with real property. *See, e.g., Miranda*, 133 S.W.3d at 229–30; *City of Houston v. Harris*, 192 S.W.3d 167, 174 (Tex. App.—Houston [14th Dist.] 2006, no pet.). "Real property" means "land[] and generally whatever is

---

[2] For the TTCA provisions covering premises-defect claims—i.e., claims not against a school district—the TTCA does not define "premises." *See generally*, TEX. CIV. PRAC. & REM. CODE ANN. § 101.022 (West, Westlaw through 2013 3d C.S.); *see also Univ. of Tex. Med. Branch at Galveston v. Davidson*, 882 S.W.2d 83, 85 (Tex. App.—Houston [14th Dist.] 1994, no writ).

erected or growing upon or affixed to land." *Miranda*, 133 S.W.3d at 229–30; *see also* BLACK'S LAW DICTIONARY 1337 (9th ed. 2009).

A school bus is not real property. *See Miranda*, 133 S.W.3d at 229–30 (defining real property); BLACK'S LAW DICTIONARY 1337 (9th ed. 2009) (same); *see also State v. Burris*, 877 S.W.2d 298, 299 (Tex. 1994) (holding that "[a] fully operational motor vehicle[] making an illegal movement or momentarily stopped on a highway" was not a defect in the highway premises); *Tex. Dep't of Transp. v. Velasco*, 40 S.W.3d 702, 704–05 (Tex. App.—San Antonio 2001, no pet.) (holding that a stopped vehicle on a highway was not a defect in highway premises); *City of Houston v. Rushing*, 7 S.W.3d 909, 916–17 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (same). It is possible that Olvera misunderstood this distinction and erroneously asserted a premises-defect claim, but we construe Olvera's pleading liberally. *See Heckman*, 369 S.W.3d at 150. We hold that Olvera's claim that a dangerous condition existed on the school bus does not amount to a premises defect claim; it does, however, support a holding that Olvera's claim targeted the use or operation of the school bus rather than the driver's supervision of the students aboard the bus. We overrule the school's first issue.

## C.    Operation or Use

The TTCA waives a school district's immunity only for claims that "arise[] from the operation or use of a motor-driven vehicle or motor-driven equipment." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.051; *Garcia*, 253 S.W.3d at 656. "The phrase 'arises from,' requires a nexus between the injury negligently caused by a governmental employee and the operation or use of a motor-driven vehicle or piece of equipment."

6

*LeLeaux v. Hampshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992). "This nexus requires more than mere involvement of property." *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 543 (Tex. 2003); *see LeLeaux*, 835 S.W.2d at 52 ("When an injury occurs on a school bus but does not arise out of the use or operation of the bus, and the bus is only a setting for the injury, immunity for liability is not waived."). "Rather, the vehicle's use must have actually caused the injury." *Whitley*, 104 S.W.3d at 543. "The operation or use of a motor vehicle does not cause injury if it does no more than furnish the condition that makes the injury possible." *Id.* (quotation omitted).

Sections 101.021 and 101.051 do not define "operation or use." *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.051. The supreme court has stated: "'operation' refers to a doing or performing of a practical work and 'use' means to put or bring into action or service; to employ for or apply to a given purpose." *LeLeaux*, 835 S.W.2d at 51; *Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg*, 766 S.W.2d 208, 211 (Tex. 1989). Texas courts have recognized a difference between negligence claims stemming from the operation or use of a school bus and claims rooted in the "direction, control, and supervision of the students" on the bus, for which the TTCA does not waive immunity. *See generally Goston v. Hutchison*, 853 S.W.2d 729, 733 (Tex. App.—Houston [1st Dist.] 1993, no writ); *Estate of Garza v. McAllen Indep. Sch. Dist.*, 613 S.W.2d 526, 527–28 (Tex. App.—Beaumont 1981, writ ref'd n.r.e.); *see also Whitley*, 104 S.W.3d at 542–43 (holding TTCA waiver did not cover the plaintiff's tort claims because they related to "the bus driver's failure to supervise the public" on a city bus); *Simon v.*

7

*Blanco Indep. Sch. Dist.*, No. 03-10-00122-CV, 2011 WL 255540, at \*2 (Tex. App.—Austin Jan. 18, 2011, no pet.) (mem. op.)

In Olvera's petition, Olvera alleged the bus driver was negligent for abruptly braking the school bus after having directed Lizbeth to take attendance while the bus was in motion and while the floors were wet and slippery. It was the combination of the braking, wet floor, and instruction to take attendance that allegedly caused Lizbeth's fall and injury. Unlike the cases in which a bus was merely the location of an injury or the cases in which an injury resulted from the inadequate supervision of the students, Olvera's petition, construed liberally, *see Heckman*, 369 S.W.3d at 150, challenged the manner in which the bus was used. We overrule the school's second issue.

## IV. TEXAS TORT CLAIMS ACT NOTICE

By its third issue, the school argues that Olvera did not comply with the TTCA notice requirement. It is undisputed that counsel for Olvera faxed a "Notice of Representation and Spoliation of Evidence" to the school about ten days after the Lizbeth's injury. The letter begins,

> This law firm has been retained to represent Laura Olvera to the redress of serious personal injuries sustained by her minor daughter, Lizbeth Olvera, as the result of a fall on a school bus owned by Raul Yzaguirre School for Success. Enclosed is a copy of the accident report pertaining to this loss.

Attached to the letter was an offense report by the Brownsville Police Department that contained the following narrative:

> Contacted Laura Olvera in reference to an accident non-traffic. She informed me that her 11 year old daughter, Lizbeth Olvera (Sept 30, 1998) broke her right lower arm near the wrist area due to her fall on bus # 4 owned/operated by Raul Izaguirre [sic] School. Eleven year old Lizbeth informed me she was in the process of checking attendance while students

8

were boarding when she slipped on the wet floor to the bus. The incident occurred near the 2300 block of Ruben Torres. Ms. Olvera advised school officials were notified of her daughter[']s injury.

The letter cautioned the school against evidence spoliation, requesting the school to preserve and maintain documents and evidence relating to the school, the bus, and the bus driver.

The school contends the foregoing was insufficient notice of Olvera's ultimate negligent-braking theory because, by connecting the injury to wet floors while students were boarding, it presented a premises-defect claim. We are unpersuaded.

## A.    Applicable Law

To invoke the TTCA's waiver of governmental immunity, a claimant must notify the government of its claim within six months of the incident giving rise to the claim. TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a) (West, Westlaw through 2013 3d C.S.); *Univ. of Tex. Sw. Med. Ctr. v. Estate of Arancibia*, 324 S.W.3d 544, 546 (Tex. 2010). The notice must reasonably describe the injury, the time and place of the incident, and the incident itself. TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a); *Estate of Arancibia*, 324 S.W.3d at 546. Written notice is unnecessary if the governmental unit has actual notice of the death or injury. TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(c); *Estate of Arancibia*, 324 S.W.3d at 546.

"The purpose of the notice requirement is to ensure the prompt reporting of claims in order to enable governmental units to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial." *Cathy v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (citation omitted); *see Carbajal*, 324 S.W.3d at 539. Lack of proper

TTCA notice is jurisdictional, and a trial court can dispose of a case lacking proper notice under the TTCA on a plea to the jurisdiction. TEX. GOV'T CODE ANN. § 311.034 (West, Westlaw through 2013 3d C.S.); *Carbajal*, 324 S.W.3d at 537–38; *Estate of Arancibia*, 324 S.W.3d at 547.

## B.      Discussion

The school faults the timely-sent letter and attachments for presenting only general facts of the incident and injury rather than the specific facts relating to a negligent-braking claim, which Olvera ultimately alleged. "But that is not the purpose of the notice requirement; all that is required is enough information for [the school] to investigate for the purpose of guarding against unfounded claims, settle claims, and prepare for trial." *City of Wichita Falls v. Jenkins*, 307 S.W.3d 854, 860 (Tex. App.—Fort Worth 2010, pet. denied); see *Carbajal*, 324 S.W.3d at 539; *Booth*, 900 S.W.2d at 341.

The letter and attachments provided the school with the opportunity to fully investigate the facts underlying Olvera's claims and prepare for settlements and trial. The letter and attachments named Lizbeth as the injured complainant, described her injury, explained that her injury occurred on the school's bus—number four in particular—on December 1, 2009 "near the 2300 block of Ruben Torres," and explained that the injury resulted from Lizbeth slipping on the bus's wet floor while taking attendance. In addition, the letter specifically requested the school to preserve and maintain evidence relating to the school, the bus, and the bus driver. We hold that this information satisfied the statutory notice requirements. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a) (requiring notice reasonably describe injury, time and place of incident, and incident

10

itself); *Jenkins*, 307 S.W.3d at 860 (concluding attorney's letter identifying injured claimant, date of injury, location of injury, and general circumstances underlying injury was sufficient statutory notice).

We overrule the school's third issue.

## V. CONCLUSION

We affirm the trial court's order denying the school's plea to the jurisdiction.

GREGORY T. PERKES
Justice

Delivered and filed the 29th
day of August, 2014.

11